R. H. WALKER *v.* J. EDWARD STACEY *et al.*

BANKRUPTCY.  *Bankrupt can not recover property.  When.*  A bankrupt can not, after he has been adjudged such, prosecute a suit to recover property which should have gone to his assignee, when his right to recover is predicated upon a title in existence before the adjudication in bankruptcy, although the property sought to be recovered had been omitted from his schedule and was not embraced in the assignment, and this without regard to whether the defendant had any valid claim to the property or not.

FROM DAVIDSON.

Appeal from the Chancery Court. EDWARD H. EAST, Chancellor.

JOHN S. BRIEN and BURCH for Walker.

WILKIN & CHAMBERLAIN, W. G. and M. M. BRIEN for Stacey *et al.*

McFARLAND, J., delivered the opinion of the Court.

Walker filed his bill to foreclose a mortgage given by Stacey upon a leasehold property in Nashville, called the Stacey House, to secure a debt.  Stacey and Brien, the trustees, answered and admit in substance the allegations of the bill, and there was a decree of sale for complainant.  On the next day Bertram, who had no interest in the litigation be-

tween Walker and Stacey, filed a petition in which he states that he had purchased the property at a sale in other cases, under other mortgages and conveyances by Stacey, which he insists were superior liens. Upon this the decree of sale in favor of Walker was set aside and Bertram made a defendant. He first de-murred to the bill, and then answered and filed a cross-bill attacking vigorously Walker's mortgage, upon the ground that it had expired by its own terms, had been paid up or settled and abandoned, etc. Walker and Stacey are both made defendants.

Stacey, in his answer, takes sides with Bertram, although his former answer had virtually admitted Walker's claim. He also in this answer pleads his discharge in bankruptcy, which he files. Upon the hearing, the Chancellor decreed in favor of Walker, holding that his mortgage was a valid lien for his debt, and superior to any lien or claim shown by Bertram. The cross bill of Bertram was dismissed and a decree ordering a sale of the property unless the money was paid in a given time. It was held, however, that Stacey's discharge in bankruptcy was valid, and no decree was rendered against him, the decree being simply to enforce the lien against the property. From this decree Bertram prayed an appeal, but has not prosecuted it, failing to give bond, but Stacey has prosecuted an appeal, and the motion is to dismiss this appeal. We do not see that he has any further interest in the case, his discharge in bankruptcy, as the Court held, discharged him from

the debt, and there was no decree against him. He has no further interest in the property. What interest he had passed by operation of law to his assignee for the benefit of his creditors, as it is not shown to come under any exemption. We held at the last term at Jackson that a bankrupt could not, after he was adjudged a bankrupt, prosecute a suit to recover property which under the bankrupt law would go to the assignee, when his right to recover was predicated upon a title in existence before the adjudication in bankruptcy, although the property sought to be recovered had been omitted from his schedule and was not embraced in the assignment, and this without regard to whether the defendant had any valid claim to the property or not. We do not see that Stacey has any further interest in this controversy. He is discharged from the debt, and the property in question is gone from him; no matter how it results, he can never claim any interest in it.

Stacey's appeal will be dismissed.