A. J. BARTHELL *et al.*, COMPLAINANTS, APPELLANTS, *v.* S. O'. ZACHMAN *et al.*, DEFENDANTS, APPELLEES.

*(Nashville,* December Term, 1930.)

Opinion filed April 4, 1931.

DeBow & Norman and Roberts & Roberts, for complainants, appellants.

Seay, Stockell, Edwards & Keeble, Clyde Taylor and Elkin Garfinkle, for defendants, appellees.

Mr. Justice Cook delivered the opinion of the Court.

Complainants are members of Nashville Aerie Number 86, a subordinate lodge of the Fraternal Order of Eagles. The defendants Zachman and Dillingham are representatives of the Grand Aerie appointed by the Grand President under Article X, section 1, to investigate complaint of irregularities in the subordinate lodge. Defendants Duncan, Little and Simian are members of the Grand Aerie appointed by the Grand President under Article LIII, section 17, of the Constitution, to sit as a trial commission and hear charges of misconduct preferred against members of the local Aerie. Defendant Hayes was appointed by the Grand President as attorney for the trial commission.

Nashville Aerie Number 86 was joined as a defendant, as were defendants Crandell and others, who were appointed as trustees to succeed Barthell and others.

It is stated in the bill that Zachman and Dillingham, actuated by a purpose to deprive complainants of valuable fraternal benefits, and to work a forfeiture to the Grand Aerie of the local Aerie's lodge site, worth $125,000, preferred charges against complainants and cited them for trial before the trial commission April 19, 1930, and that Zachman and Dillingham had illegally closed the local Aerie and assumed control of its property.

It is charged in substance that the trial commission was appointed to execute the will of Zachman and Dillingham one of whom had stated to one of complainants that they had appointed the trial commission and could not lose, meaning that regardless of guilt or innocence of

the charges preferred against complainants, they would be expelled from the lodge.

A preliminary injunction was granted to restrain the trial of complainants by the trial commission appointed by the Grand President, and to enjoin Zachman and Dillingham from interfering with the custody and control of the property and building, as well as equipment, fixtures and funds of the local Aerie, and to enjoin Crandell and others from asserting control as trustees to the interference of trustees Barthell, St. Charles and Woodall.

Sworn answers were filed by the defendants denying the statements and allegations of the bill, both original and amended, setting forth the constitution and laws of the fraternity under which the proceedings were instituted against complainants and under which they were cited for trial before the trial commission upon written charges preferred at the instance of the Grand President, and also setting forth the fact that complainants Barthell, St. Charles and Woodall resigned their position as trustees of the local Aerie and that Crandell and others were legally appointed as their successors. Also denying that Zachman and Dillingham had closed the local lodge, but setting forth the fact that they had only closed the buffet, because of complaints that intoxicating liquors were being dispensed there in violation of the laws of the Order.

The decree of the chancellor shows that the cause was heard upon the original and amended bills, the sworn answer of defendants, together with all of the exhibits to the pleadings, and upon motion of defendants to dissolve the injunction. The decree further recites that the motion was sustained when counsel for complainants

stated in open court that relief by injunction was the only remedial part of their suit, all other questions being merely incidental, whereupon the chancellor dismissed the bill.

Complainants appealed and have assigned errors, through which it is insisted (1) that fraud being the gravamen of the bill, the chancellor erred in dissolving the injunction upon bill and answer. (2) That he erred in dissolving the injunction because the motion to dissolve is equivalent to demurrer, wherefore the material facts charged should have been taken as true and that they present a cause for equitable interference. (3) That the chancellor erred in holding that complainants could not resort to the courts until after exhausting their remedies in the tribunals of the Order, because defendants did not file a plea in abatement to the jurisdiction of the court. (4) That since the bill charges specific acts of fraud and an intention to unlawfully expel complainants and destroy the local lodge so that its property may be appropriated for the use of the Grand Aerie, a trial before the commission of the Grand Aerie would be only a useless formality, wherefore it was error to dissolve the injunction and dismiss the bill.

Where tribunals are provided by the constitution and the laws of a fraternal society, which unequivocally require, as does Article LIII, section 21, of the Constitution of the Order, that members first exhaust their remedies within the society before litigating their contentions in the courts, remedies within the society must be exhausted before the members can resort to the courts. Especially is this true where matters of discipline and internal regulation are involved. *Vaughn* v. *Herndon*, 91 Tenn., 64; *Honea* v. *American Council*, 139 Tenn., 23;

*Wilcox* v. *Supreme Council,* 52 L. R. A. (N. S.), 806; *Wellenvoss* v. *Grand Lodge,* 40 L. R. A., 488.

■ The society must, of course, observe its laws and apply them in good faith. It could not use its power oppressively and arbitrarily to the end of depriving a member or members of a property right a beneficial pecuniary right or a contractual right. Where the laws of the Order are fraudulently and oppressively used to the injury of the rights of an aggrieved member, the courts will hear his complaint and, upon proper showing of oppression or fraud or excess of jurisdiction, assure him relief: *Murray* v. *Supreme Hive,* 112 Tenn., 679, 7 C. J., 1116, 19 R. C. L., 1244, et seq.

■ Whether a member of the fraternity has been guilty of conduct authorizing an investigation by a duly constituted officer, or trial before a duly constituted tribunal resulting in the imposition of a penalty prescribed by the laws of the Order, is for the association to determine under its constitution and laws. If, as stated, the tribunal should exceed its jurisdiction and expel members without evidence of guilt or for acts not denounced by laws of the Order, such action would be in excess of jurisdiction and the members illegally adjudged guilty and deprived either of property or beneficial rights could assert their rights in an action before the courts. *Ryan* v. *Cudahay,* 49 L. R. A., p. 359, note 2.

■ In their bill, complainants allege that the object of defendants in preferring charges and citing them to trial was to deprive them of fraternal benefits and to bring about a forfeiture of the lodge property. Such general charges are hardly sufficient within themselves. Moreover, the statements and allegations of the bill are met and overcome by the sworn answer of the several defendants.

The pleadings present for determination an internal controversy first determinable by tribunals of the Order. There is no showing that the tribunal appointed to try complainants was not legally appointed, or that the charges preferred against them and upon which they were cited to trial were not legally and formally made, in conformity with the constitution and laws of the Order.

It is shown by the bill, as well as the answers, that the Worthy Grand President, whose office is at Kansas City, Missouri, designated and appointed H. B. Duncan, of Missouri, and Chauncey Little and John Simian, of Kansas, who are members of the Grand Aerie, a trial commission to hear evidence and act upon written charges preferred by the Worthy Grand President against complainants. This power was in conformity with Article LIII, section 17, of the Constitution.

While it is charged that Dillingham, in the presence of Zachman, stated that they could not lose because they appointed the trial commission, and stated on information and belief that the trial commission will expel complainants summarily and in violation of the laws of the fraternity, it does not appear that Duncan, Little and Simian are parties to the alleged conspiracy. It is not shown that they are ready to lend themselves to the alleged scheme. To permit an issue on that charge would result in the purely collateral inquiry of whether or not complainants could obtain a fair and impartial trial within the fraternity. A statement of the proposition illustrates the reason for the rule requiring that members exhaust their remedy within the fraternity before resorting to the courts. Action by tribunals of the order is necessary to afford a tangible basis for judicial inquiry,

and relief upon a showing of injurious illegal action by the fraternity.

It appears by reference to the constitution and laws of the Order that Zachman and Dillingham were acting as deputies of the Worthy Grand President and exercising powers conferred upon them by the constitution. A reference to the constitution and laws of the Order shows that the procedure against complainants was in compliance with procedure outlined by the laws of the fraternity.

One object of the bill is to enjoin Zachman and Dillingham from closing the local lodge. It appears from the answers that the local lodge has not been closed, but only the buffet. Another object of the bill was to enjoin the trial of complainants before the trial commission. The bill therefore presented no justiciable question for determination of the court, because the rights of complainants are dependent upon submission first to the laws of the tribunal of the Order, after which, if their rights should be ignored, they may resort to the courts.

The inertia of the court, its refusal to hear the complaint and settle this internal controversy between the society and its members, rests upon want of jurisdiction of the subject matter, and this question could be raised at any time. *Baker* v. *Mitchell,* 105 Tenn., 610.

Section 6119 of Shannon's Code refers to jurisdiction of the person, a jurisdiction that may be waived by a general appearance, as by answer. But jurisdiction of the subject matter, which refers to the power of the court to adjudicate the question presented, cannot be waived. See *Chambers* v. *Sanford & Treadway,* 154 Tenn., 134; Chambliss' Gibson's Chancery Practice, section 290, note 2.

Inasmuch as all other questions are incidental to the injunctive relief sought, and as the bill presented no existing cause of action and was without equity on its face, the chancellor was correct in dissolving the injunction and dismissing the bill. *Mengel Box Co.* v. *Lauderdale County,* 144 Tenn., 266.

Affirmed.