HUNT *v.* NATIONAL LINEN SERVICE CORPORATION.

(*Knoxville,* September Term, 1941.)

Opinion filed November 29, 1941.

W. O. LOWE, of Knoxville, for plaintiff.

BEN R. WINICK and JOEL H. ANDERSON, both of Knoxville, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a judgment sustaining certain grounds of a demurrer and overruling others. Both parties have appealed.

The declaration (as amended) alleges violation of the Fair Labor Standards Act, 29 U. S. C. A., section 201, et seq., sometimes referred to as the Wage and Hour Law. It seeks recovery for the plaintiff in behalf of himself and as agent for and in behalf of John H. Jinks, and all other employees similarly situated. It describes the defendant's business as that of an establishment furnishing linen and laundry facilities to customers, some individual, but the majority being industrial or commercial business firms. It further alleges that "some" of said customers are located in Kentucky and Virginia. The demurrer (as amended) is on several grounds, first, that the plaintiff has no authority or right to maintain the action on behalf of Jinks, since he fails to allege that he has any interest in the claim of Jinks, and "for the

reason that the procedure in this court cannot be regulated by any act of Congress;'' that the Fair Labor Standards Act is unconstitutional and void in so far as it purports to authorize the plaintiff to maintain an action for anyone other than himself, or any cause of action in which he has no personal interest; and that such procedure conflicts with the Tenth Amendment to the Constitution.

Other grounds of the demurrer are that plaintiff is without right to maintain this action on behalf of any other employees similarly situated; that he fails to specify in his declaration the amount due Jinks, the time Jinks worked for the defendant, or the compensation paid him; that the same failure to specify and allege exists with respect to the other employees similarly situated, for whom the suit was brought; that the declaration shows that the defendant's business is purely local and intra-state; that the declaration shows that neither the plaintiff, nor anyone else for whom he sues, was engaged in interstate commerce or the production of goods for interstate commerce; that the defendant's business is that of a service establishment, which is specifically exempt from coverage by the Fair Labor Standards Act; that the declaration fails to set out specifically the facts and matters, including the hours of labor, rate of pay, etc., under and by virtue of which plaintiff claims he is entitled to sue for himself; and that the declaration shows on its face that the defendant's business is that of a retail establishment.

■ The circuit judge sustained the grounds of the demurrer which challenged the right of plaintiff to sue on behalf of Jinks and all other employees similarly situated, and overruled the other grounds. An appeal hav-

ing been taken by both parties, however, the case is before us on the whole demurrer.

As to the right of the plaintiff to maintain an action, not only for himself, but in behalf of Jinks, as agent, and all other employees similarly situated, we are unable to agree with the trial Judge. The Fair Labor Standards Act provides:

"Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated." 29 U. S. C. A., section 216(b).

So far as we find, no court of last resort has passed upon the legality of this type of "class" action. However, there are opinions of numerous courts of first impression that are helpful. The great majority of these opinions sustain the maintenance of such a suit as a class action. See *Townsend et al.* v. *Boston and Maine Railroad* (D. C. Mass.), 35 F. Supp., 938; *Greenberg, etc.,* v. *Bailey Lumber Co.* (Minn. Dist. Ct.), 4 Wage and Hour Reporter, 79; *Brooks et al.* v. *Southern Dairies, Inc.* (D. C. Fla.), 38 F. Supp., 588; *Volzing* v. *General Public Loan Corp.* (Sup.), 32 N. Y. S. (2d) 31; *Tolliver* v. *Cudahy Packing Co.* (D. C. Tenn.), 39 F. Supp. 337; *Shain* v. *Armour & Co.* (D. C. Ky.), 40 F. Supp., 488.

It would appear from the plain language of the act that, as in a general creditors' bill, this action may be begun by and for one employee primarily, but may include within its scope a claim for all other employees similarly situated. This would not necessarily mean that these other employees were parties to the litigation.

They are free to join in it or not, as they see fit. The purpose of Congress in providing this method of procedure is obviously to avoid, in so far as possible, a multiplicity of suits.

Accordingly, we are of the opinion that the first two grounds of demurrer should be overruled.

The third and fourth grounds of the demurrer, and also the eighth ground thereof, all go to the failure of the declaration to specify the amount due, the time worked, or the compensation paid by the defendant to the plaintiff and the other parties in interest. In other words, it is the insistence of the defendant that the plaintiff should make a more specific statement of his claim. There is little authority on this proposition so far as it relates merely to the Fair Labor Standards Act. The Supreme Court of New York, in *Volzing* v. *General Public Loan Corp.*, 32 N. Y. S. (2d), 31, ruled that the claimant in this type of suit had to set out specificaly the hours of overtime worked and the amount of underpayment involved.

The allegations in this declaration are extremely broad. We quote:

"Your plaintiff and those for whom he sues as agent, and other employees similarly situated, were employed by the defendant on a weekly basis for a space of time during the time elapsing between October 24, 1938, and the filing of this suit, the exact amount of which will be shown in the proof for each employee, and this plaintiff and those for whom he sues as agent, and each other employee similarly situated, worked more than forty-four hours per week for the year next ending October 24, 1939; and more than forty-two hours per week for the year next ending October 24, 1940; and more than forty hours

per week for the period beginning October 24, 1940, and continuing until the filing of this suit."

In view of the fact that this is a procedural question and is a matter of pleading that does not seem to have been covered by the act, we are of the opinion that in each instance it would be governed by the procedural rules of the state or court involved. It is fundamental in Tennessee that, in general, a declaration must incorporate a sufficient statement of fact to warrant a basis for a judgment. This is not an action for unliquidated damages. It is for a specific sum. Furthermore, the claim is based upon facts involving overtime work, and there is no elucidation of those facts given in the declaration. The declaration contains no showing whatever as to the amount of the recovery sought. There is not even any amount given in the summons of the sum it is sought to recover.

It is true that all the records covering the employment of the employees are in the hands of the defendant. These records the defendant is required to keep by law,—if we assume it is subject to the act. But we are of the opinion that the plaintiff is onerated with the burden of proving, by a preponderance of the evidence, the violation of the act and the amount of damages. See *Andrus et al.* v. *Harding,* 3 Labor Cases, 60180, (decided October, 1940, opinion by MARTIN, C. J., sitting by appointment U. S. Dist. Court, Western District of Tennessee, Eastern Division). It follows that the plaintiff's declaration must show on its face such specific facts as will put the defendant on notice. This is not a bill for a discovery. The plaintiff and each of the other parties claimant who may be now, or become later, involved in the litigation must, by appropriate declaration or plead-

ing, put the defendant on notice as to the particular facts and circumstances and amount of recovery sought.

█ We are of the opinion that the declaration is defective in this regard, and is too vague and broad to afford proper basis of suit.

Moreover, it is the defendant's contention that there is no showing of interstate commerce, or the production of goods for commerce, and furthermore that the declaration shows that the defendant is a service establishment, or a retail establishment.

█ In our opinion, the declaration shows upon its face that the defendant is a service establishment. We quote the language of the act:

"Any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce" is exempt. 29 U. S. C. A., section 213 (a) (2).

The defendant's business, as described in the declaration, is that of a service establishment. The defendant is obviously not engaged, primarily at least, in the production of goods for commerce. But does it appear that the greater part of the defendant's servicing is in intrastate commerce?

Plaintiff has clearly shown in his declaration that the defendant is a service establishement, and the only language appearing in the declaration which would tend to show what proportion of that servicing is interstate, and what proportion is intrastate, seems to indicate that the majority of the servicing is intrastate. We quote from the declaration:

". . . defendant engages in its business of leasing or renting the use of said linens, and selling said soap to its said customers, *some of* which are engaged in inter-

state commerce, or the production of goods for interstate commerce, located in the State of Kentucky and the State of Virginia, and for a stipulated price it agrees and does keep its customers furnished with clean linen . . ." (Italics ours).

It appears from the foregoing quotation that only "some" of the defendant's customers are in Kentucky and Virginia. In general parlance, the use of this language would indicate that the larger part, or majority, of the defendant's customers are in the State of Tennessee, and that consequently the majority of the servicing by defendant is intrastate. The word "some" is generally used in conjunction with "most." For example, the declaration would seem to indicate that the plaintiff, is saying that, although most of defendant's customers are in Tennessee, some of them are located outside the State. Furthermore, this would be the logical deduction from the fact that defendant's place of business is located in Knoxville, and obviously a considerable portion of defendant's business would be done in and around the city of Knoxville.

We do not consider either the fact that defendant manufactures the linens and other supplies which it uses in some other state, or that most of defendant's customers are industrial or commercial business firms, as distinguished from private families, of controlling importance. This appears to have been given some significance through certain bulletins released by the Wage and Hour Administration. We can see that certain service establishments, such as garages, could form a very integral part of a business engaged in commerce, or in the production of goods for commerce. Also, that in certain instances such service establishments, which are engaged

mainly in servicing firms which are themselves engaged in commerce, or in the production of goods for commerce, might be held subject to the act. However, we fail to see the logic that would make the service of supplying linen a necessary or integral part of an interstate business.

It is, therefore, our conclusion that the declaration shows on its face that the defendant is engaged in operating a service establishment, the greater part of whose servicing is in intrastate commerce. We accordingly are of the opinion that the ground of the demurrer raising this question should have been sustained.

Plaintiff's attorneys made a motion to amend the declaration, or, in the alternative, a motion to be treated as a petition of the attorneys for the plaintiff for an allowance of attorneys' fees for the attorneys representing the plaintiffs who settled their claims. It is their insistence that they are entitled to recover attorneys' fees from defendant for claims settled by defendant after this suit was brought. They concede that in such claims they had no actual contractual relationship of attorney and client with the claimants.

This amendment was disallowed by the trial court. We do not feel that the trial court was in error in refusing this amendment. Reference is made to the case of *Illinois Cent. Railroad* v. *Wells*, 104 Tenn., 706, 59 S. W., 1041, in which this court allowed attorneys for a party plaintiff against the railroad to collect an attorney's fee from the railroad after the Railroad Company had settled their client's case without the knowledge or consent of those attorneys. In that case there was a contract between the attorney and client, which the defendant was bound to respect. In the case at bar it does not appear that the attorneys for this plaintiff had any

contract whatsoever with anyone other than the plaintiff. To permit a recovery of attorneys' fees by these attorneys merely because some other employees, whom they did not represent, had settled their possible claim against the defendant, would be to set a precedent that would be dangerous both to society and to the legal profession.

For the reasons hereinabove given, paragraphs three, four, seven and eight of defendant's demurrer will be sustained, and the judgment of dismissal affirmed.