BURNS *et al. v.* GILPIN.

*(Knoxville,* September Term, 1944.)

Opinion filed June 9, 1945.

W. O. Lowe, of Knoxville, for plaintiff.

Grimm & Tapp, of Knoxville, for defendant.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit by a number of former employees of the defendant seeking to recover from her additional compensation alleged to be due them under the Federal Fair Labor Standards Act, 29 U. S. C. A., Sec. 201 et seq. The suit was dismissed by the circuit court and the judgment of that court was modified by the Court of Appeals. All parties have filed petitions for *certiorari*.

In 1942, Alfred Cummings, an employee of Mrs. Gilpin, filed a similar suit for the benefit of himself and others employed by her. The named complainant herein and

others intervening in the present case were intervenors in that suit. The *Cummings Case* reached this Court on appeal from action of the circuit court on demurrer. This Court held that the declaration made out a case under the Fair Labor Standards Act and that it was permissible for a number of plaintiffs similarly situated to join in one suit under the federal statute. This opinion was handed down February 27, 1943, upon authority of *Hunt* v. *National Linen Service Corporation,* 178 Tenn. 262, 157 S. W. (2d) 608. The *Cummings Case* was remanded.

After plea filed and proof, at the second hearing of the *Cummings Case,* the circuit court held that Cummings was not entitled to the benefits of the statute and dismissed that suit as to him. Counsel then asked leave to introduce proof as to the claims of the intervenors, the other employees, in that suit. This was refused and the suit as to Cummings and all the rest of the claimants was dismissed. We gather that this course was taken on the theory that the Cummings suit was a class action, that Cummings and the intervenors belonged to the same class, and that the dismissal as to Cummings carried all the other claims.

Cummings did not appeal from this judgment. The intervenors made motion for a new trial, but this motion was not made until a subsequent term of the court and was abortive.

Thereupon the plaintiff herein, J. V. Burns, for himself and the various other employees filed this suit for the additional compensation claimed to be due them under the federal statute. The suit was met by a plea of *res judicata,* which was sustained by the circuit judge. The personal demand of Burns was dismissed on the further ground that he had failed to list this claim against

Mrs. Gilpin in the schedule of assets attached to his petition in bankruptcy, upon which petition he had obtained a discharge.

The Court of Appeals held that the judgment in the *Cummings Case* upon the facts disclosed was not *res judicata* of the claims of the intervenors or other employees involved therein. The opinion noted that petitions of the other employees made it appear that they engaged in activities differing from those of Cummings.

■■ We think the conclusion reached by the Court of Appeals was correct. The federal statute, 29 U. S. C. A., Sec. 216, authorizes the joinder in one action of claims by employees "similarly situated." We think similarly situated does not mean identically situated. Employees of a general class may be similarly situated in that they all claim to have been engaged in the production of goods in commerce and all claim to be entitled to additional compensation but the details of their employment may differ in certain respects. Narrow distinctions are here involved as the reported cases show. A slight difference in the nature of the employment of one person and another often determines rights under the Fair Labor Standards Act.

We think the federal statute is to be construed like our statute, Code, Sec. 7949, authorizing mechanics' lien claimants to join in one action for the enforcement of their liens. In such cases the claims are treated separately. Some may be held entitled to a lien, some not so entitled. The disposition of one claim is not generally *res judicata* of another. Never, if the facts are not the same. As above stated, we find no error in this ruling of the Court of Appeals.

■ Likewise we think the Court of Appeals reached the right conclusion as to the effect of the failure of

Burns to schedule his claim against Mrs. Gilpin as an asset in the bankruptcy proceedings: that such failure is fatal to his effort to assert this claim here. The decisions of this Court require such result. *Deadrick* v. *Armour*, 29 Tenn. 588; *Walker* v. *Stacey*, 61 Tenn. 433. This rule was recognized in *Hooker* v. *Peterson*, 140 Tenn. 280, 204 S. W. 858, but not applied since the particular interest there involved was contingent, not assignable, at the date of the adjudication of bankruptcy. In the present case we take it that Burns' claim, apart from his bankruptcy, would have passed to his estate on his death. That accordingly it was "property which prior to filing of the petition he could by any means have transferred." Such being the character of the property, it passed to his trustee in bankruptcy. *First National Bank of Jacksboro* v. *Lasater*, 196 U. S. 115, 25 S. Ct. 206, 49 L. Ed. 408.

The Court of Appeals dismissed Burns' claim without prejudice to the rights of his trustee in bankruptcy and, notwithstanding the contention to the contrary, we think this was a matter within the competency of that court.

All petitions for *certiorari* are denied.