WILSON v. MILLER *et al.*

(*Jackson,* April Term, 1952.)

Opinion filed July 11, 1952.

WALTER CHANDLER and RAMSAY WALL, both of Memphis (CHANDLER, SHEPHERD, HEISKELL & WILLIAMS, of Memphis, of counsel), for appellant.

JAMES R. YOUNGER, ALEXANDER W. DANN, JR. and WILLIAM W. O'HEARN, all of Memphis (BUCHIGNANI, GREENER & YOUNGER, CANADA, RUSSELL & TURNER, PHARR, FUQUA, MILES & O'HEARN, Memphis, of counsel), for appellee.

. Mr. Justice Burnett delivered the opinion of the Court.

This is a discretionary appeal allowed by the Chancellor to his action in overruling a demurrer by the defendants to the original, amended and supplemental bills of the appellee.

The determinative question is:

"Where the constitution and by-laws of a voluntary association provide a system of tribunal for trial and appeal of internal controversies between members and require that all members exhaust such procedures before resorting to the courts, must these remedies be exhausted by a member before he may resort to the courts where (a) such an attempt would be futile, illusory or vain, and where (b) if it were possible for the appellee to seek his remedies within the association without interference, it would nevertheless still be necessary to resort ultimately to the courts for the same relief which is now sought since no provision for the relief required exists in the constitution and by-laws of the association?"

This question was answered in the negative by the ruling of the Chancellor on the demurrer. The complainant (appellee here) is an individual and a member of the

Local Labor Union, a defendant in this cause, and as such this complainant brought this suit in his behalf and the behalf of others similarly situated to recover a substantial amount of Union funds which he alleges have been defalcated by the officers (defendants and appellants here) of the Local Union over a period of eleven years. This defalcation is alleged to be in gross violation of the fiduciary relationship of these officers to the members of the union. It is alleged that from 1941 to 1945 the defendant (appellant here) Miller was the business manager of the local union and that as such he perpetuated himself in office by coercion and instillation of fear. It is further alleged that the other named appellants aided and abetted Miller in this nefarious undertaking and that since Miller has become international business agent of the Union the other defendants have conspired with him to deplete the assets of the Local Union.

The bill further alleges that if complainant is successful in this cause he will gain no personal benefit except such as he shall derive as a member of the Local Union from any of the funds of the Union which are recovered from the wrongdoers; that no suit of this nature could be brought other than by the defendants who are charged with breaches of this fiduciary duty, fraud and collusion which it is alleged that these defendants have committed; that complainant has been compelled by necessity to join the Local Union as a party defendant so that the court may have jurisdiction over it for the purpose of enforcing its decrees upon the cause of action stated in the bill and for the protection of the assets of the Local Union now existing. The bill is for an accounting and restitution which it is alleged is the only adequate remedy of the complainant.

The bill seeks a decree directing the defendants to account for Union funds which it alleges have been wrongfully defalcated and also seeks a decree ordering court supervision of election of officers of the Union for the reason that such a decree is necessary to bring an end to the coercively maintained domination of the affairs of the Local Union by a small clique of the Union. The complainant alleges at length many defalcations made by the defendant which it is alleged could not have been accomplished without the coercive domination by the clique of officials who are the individual defendants in this action. It is alleged that this coercive domination has been accomplished by threats of violence; discriminatory control over the distribution of jobs to members by use of a hiring list from which only members approved by the defendant officials can be placed in job openings; secret meetings, where important decisions affecting the entire membership are made, which decisions are forced through by an improper vote of the membership under the threats of reprisals against dissenting members; fraudulent elections, at which votes against the defendants are not counted, forged votes are counted, and many eligible voters who are opposed to the defendants are not mailed ballots when working out of town and by withholding copies of the constitution from the members.

It was also alleged that the constitution and by-laws of the Union do not provide an adequate provision for recovering defalcated funds. The constitution and by-laws do provide for a periodic audit of the books by auditors elected from the membership of the Local Union to cover a period of three years which are staggered. It is alleged in the bill that these auditors have no accounting or auditing experience and thereby admittedly

have been unable to understand even the simplest aspects of the financial status of the Union. It is alleged in the bill that the auditing procedure even if properly carried out would be no substitute for the accounting which is sought by the complainant. Further it is alleged that the appellants in gross violation of the constitution have failed to render financial statements and have audits made as required by the constitution.

It is also alleged in the bill that even though the constitution does provide for appeals to the General President of the International Union, who has authority at his sole discretion to rule upon controversies presented by members of the various local unions, that this General President has refused to consider clear evidence of defalcations by the defendants. It is said that for this reason no further attempts to proceed through the tribunals of the Local Union have been made. It is said that the complainant has no adequate remedy at law and unless the defendants are compelled to account to a court that he and others who are situated like he is will suffer great irreparable loss and injury. We have allegations in the bill of specific defalcations in the amount of $5,000 which were brought to the attention of the appellant officer of the Union and it is alleged that this officer merely laughed at the matter and said this was ''chicken feed''; that he refused to take any action thereunder.

The Union has a constitution which is made Exhibit ''A'' to the original bill. This constitution provides an orderly procedure for the conduct of internal affairs of the association, and provides, as one of its safeguards of the rights of the individual members, a procedure for the settlement of any dispute or misunderstanding between any of the members or between a member or mem-

bers and the Union. This procedure includes, first; a trial of any charges brought to trial to be within the association, and with the entire local membership sitting as a court, and following that, provides as a matter of right for an appeal by the dissatisfied party. Article XXIII, Sub-division 7, Sec. 1, of this constitution provides for trial by the Local Union. Article XVII, Section 1(a) of the constitution provides for the first appeal, this appeal being to the General Executive Board of the Union, and Article XVII, Sec. 2 of the constitution provides for further appeal to the General Convention of the Union. There is also in Article XVII under Section 3 of the constitution the following:

"All Court Actions Superseded

"No suit or other action at law or equity shall be brought in any court by any member, officer or subdivision of the International Union of Operating Engineers until and unless all rights, remedies and provisions for hearing, trial and appeal within the Organization shall have been properly followed and exhausted by the member, officer or subdivision complaining."

It is admitted by the complainant in the bill (appellee here) that he has not exhausted these so called remedies, but he claims that he is not obliged to do so because the pursuit of them would be futile, illusory or vain.

It is a general rule that where the constitution and by-laws of a voluntary association provide a system of tribunals for trial and appeal of internal controversies between members, and require that all members exhaust such procedures before resorting to courts, that such become a part of a contract entered into by a member when he joins that association. This is the general rule in

Tennessee. *Barthell* v. *Zachman,* 162 Tenn. 336, 36 S. W. (2d) 886. But it is very forcefully argued that such remedies as provided by the constitution need not be exhausted by a member before he may resort to the courts where such an attempt would be futile, illusory or vain as averred in the bill as supplemented and amended.

■ There are exceptions to the general rule requiring an exhaustion of remedies of the rights provided in the constitution of the association before resorting to the courts. Among these exceptions it is well said that a member ''need not exhaust his remedies within the order and may resort to the courts where it appears that an opportunity to present his claim and have a fair determination of it and to protect his substantial rights are denied by the bad faith, fraud, malice, or arbitrary or oppressive action of the association itself or its tribunals or officers.'' 38 Am. Jur., page 484, Sec. 55. Among the cases cited by the author of this work for the quoted statement is our case of *Barthell* v. *Zachman,* supra. The writer in American Jurisprudence refers to many other exceptions and cites authority for the statements there made. Among the cases cited is that of *Walsche* v. *Sherlock,* 110 N. J. Eq. 223, 159 A. 661, which case is relied on by both sides in the instant case.

■ It must be remembered that in the instant case we are dealing with a bill which is demurred to. We do not have a case that has been answered and proof developed showing these things pro and con. The demurrer to the bill admits all facts averred as well as reasonable and natural inferences to be drawn therefrom. Under such circumstances we must accept the facts as averred in this bill to be true. So accepting the facts as averred in the bill to be true it seems to us that if these facts are

established that it would be futile and vain for the complainant (appellee) to pursue his remedies through the channels as provided in the constitution of the association. We, therefore, think that under the allegations of this bill and the demurrer thereto that this case comes within one of the exceptions as above outlined and it is not necessary for the complainant to exhaust his remedies through the channels of the association before proceeding in the courts. It results that on this feature of the appeal that the decree of the Chancellor must be affirmed.

The right of the complainant (appellee here) to bring this action in his own name and in behalf of others similarly situated is questioned by the demurrer but not pressed on appeal. We think unquestionably that the complainant has a right to bring such an action for himself and others similarly situated. This Court in *Hunt v. National Linen Service Corp.,* 178 Tenn. 262, 157 S. W. (2d) 608, approved such actions and there cited numerous cases from other jurisdictions approving class actions. The action is likewise similar to a stockholder's derivative suit as approved by this Court in *McCampbell v. Fountainhead Railroad Co.,* 111 Tenn. 55, 77 S. W. 1070; *Peeler v. Luther,* 175 Tenn. 454, 135 S. W. (2d) 926. It appears to us that such an action, as in a general creditor's bill, may be begun by and for one of the injured members primarily, but may include within its scope a claim for all other members similarly situated.

Substantially the relief sought by the bill is such relief that should be supervised by a court of equity. Of course there are certain things alleged in the bill that are cognizable in a court of law but taking the bill as a whole there are many things that a court of law could not reach that a court of Chancery can and for this reason

the Chancery Court is the court of jurisdiction over the matters alleged in the bill. There are certain minor things alleged in the bill, as the supervision of election of officers within this association, which of course would normally and should be exhausted within the association but since these things are secondary to the relief sought by the averments of fraud, duress, etc., it seems to us that the court of Chancery should likewise take jurisdiction of these matters.

We are satisfied that the Chancellor committed no error in overruling the demurrer. It results that his decree will be affirmed and the cause remanded to the Chancery Court for further proceedings.