CITY OF KINGSPORT *et al. v.* JONES.

(*Knoxville,* September Term, 1953.)

Opinion filed May 21, 1954.

H. MARVIN PARSONS, City Attorney, WILSON & WORLEY and WILLIAM T. GAMBLE, all of Kingsport, for appellants.

PENN, HUNTER, SMITH & DAVIS, of Kingsport, for appellee.

MR. SPECIAL JUSTICE WELDON B. WHITE delivered the opinion of the Court.

This appeal involves the interpretation and validity of a beer ordinance of the city of Kingsport, Tennessee.

Appellee, who filed the original bill as the complainant, is a wholesale distributor of beer, with his place of business inside the city limits of Kingsport. The appellants are the City of Kingsport, its Mayor, Board of Aldermen and Commissioner of Safety.

Two principal questions are involved:

1. Does the city ordinance, properly construed, make it unlawful for appellee as a wholesaler to store beer within the city limits exclusively for export and sale outside the city?

2. If so, is the ordinance valid?

The case was tried on bill and demurrer. The Chancellor overruled the demurrer, holding in a well-reasoned memorandum opinion that (1) the ordinance does not prohibit the possession and storage of beer inside the city for export and sale beyond the city limits; and that (2)

if construed to the contrary, the ordinance would be void as contravening the general law of the state as set forth in Chapter 69 of the Public Acts of 1933, 1950 Code Supplement Sections 1191.1 et seq. From this holding the city and its officers have appealed and assigned errors.

The first question to be determined here is the proper construction of the ordinance. If the Chancellor was correct in his interpretation of the purpose, meaning and effect of the ordinance, it becomes unnecessary to decide the other questions raised by the assignments of error.

The ordinance in question is as follows:

"An ordinance to amend Sections 7 to 57, inclusive, of Article 2 of Chapter 3 of the 1949 City Code by striking and repealing all of said sections in their entirety and to provide that upon the effective date of this ordinance that it shall be unlawful to transport, sell, store, distribute, receive or possess for sale within the city and/or manufacture beer of alcoholic content of not more than five percent by weight, or any other beverage of like alcoholic content except as permitted under Sections 1 to 6 of said chapter 3 and to prohibit the drinking or consuming of said beverages on any street, alley, thoroughfare or any public place in the city; to fix effective date of this ordinance and to provide that all beer permits or licenses issued by the city shall be revoked and become null and void as of the effective date of this ordinance, and to provide a penalty for the violation of this ordinance.

"Whereas, numerous complaints have come to the attention of the Board of Mayor and Aldermen complaining that by allowing and permitting the sale of beer within the corporate limits of the City of Kingsport is creating a nuisance in certain areas of our City to the corruption of public morals; and

"Whereas, the Board of Mayor and Aldermen after investigation and consideration of said complaints are of the opinion that allowing and permitting the sale of beer and other alcoholic beverages hereinabove described in any form within the corporate limits of the City of Kingsport is detrimental to the health, safety, morals and general welfare of the community, and that the sale of said beverages or the consumption of same in public should be prohibited; and

"Therefore, Be it ordained by the City of Kingsport as follows:

"Section 1. That Sections 7 to 57 inclusive of Article 2 of Chapter 3 of the 1949 City Code be amended by striking and repealing all of said sections, the same being all of Article 2 of said Chapter 3 in its entirety.

"Section 2. That upon effective date of this ordinance it shall be unlawful for any person, firm or corporation to transport, sell, store, distribute, receive or possess for sale within the City and/or manufacture beer of alcoholic content of not more than five percent by weight or any other beverage of like alcoholic content within the City of Kingsport, Tennessee, unless permitted under Sections 1 to 6 inclusive of said Chapter 3 of the 1949 City Code, as hereby amended.

"Section 3. That it shall be unlawful for any person to consume or drink such beverages as herein described on any street, alley, thoroughfare or in any other public place in the City.

"Section 4. That upon the effective date of this ordinance that all beer permits and licenses granted and issued by the City shall become null and void and stand revoked as of the effective date of this ordinance.

"Section 5. Any person, firm or corporation violating

548

any of the provisions of this ordinance shall be guilty of a misdemeanor and upon conviction shall be fined not less than One ($1.00) Dollar nor more than Fifty ($50.00) Dollars, and each violation thereof shall be considered a distinct and separate offense.

"Section 6. That this ordinance take effect and become effective as to and for 'on sale' license, thirty days after its final passage and publication as the law directs and become effective as to all other license and others on the 30th day of June 1952, the public welfare of the City of Kingsport requiring it."

The original bill avers that appellee has been engaged in business as a wholesale distributor of beer in the City of Kingsport since August 28, 1947; that he imports beer into Kingsport by railway freight in packages and barrels and stores it at his warehouse inside the city limits; that the beer stored in the warehouse inside the city is thereafter transported by motor vehicle to places of business outside the corporate limits of Kingsport before any sale is made; and that no sale has been made by appellee within the corporate limits of Kingsport since the promulgation of the foregoing ordinance. These averments of fact are admitted to be true by the demurrer, and are accepted to be true on this appeal. *Deaton* v. *Vise,* 186 Tenn. 364, 210 S. W. (2d) 665; *Wilson* v. *Miller,* 194 Tenn. 390, 250 S. W. (2d) 575.

The predominant purpose of the ordinance, by its express terms, is to prohibit the sale of beer within the city limits. The caption recites that the ordinance is designed to provide "that it shall be unlawful to transport, sell, store, distribute, receive or possess *for sale within the city*" beer of prescribed alcoholic content. (Emphasis within quotations is supplied unless otherwise indicated.)

The first paragraph of the preamble points out that "holding and permitting the *sale* of beer within the corporate limits of the City of Kingsport is creating a nuisance in certain areas of our city through the corruption of public morals".

The second paragraph of the preamble expresses the opinion of the Board of Mayor and Aldermen that the "*sale*" of beer "within the corporate limits of the City of Kingsport is detrimental to the health, safety, morals and general welfare of the community", and that the "*sale*" of said beverages or the consumption of same in public should be prohibited.

█ It is well settled that the caption or preamble of a statute or ordinance may be looked to and considered in ascertaining the intention of the legislative body. *Memphis St. R. Co.* v. *Byrne,* 119 Tenn. 278, 104 S. W. 460.

Section 2 of the ordinance then proceeds to make it unlawful to "transport, sell, store, distribute, receive or possess *for sale within the city*" beer of the prescribed alcoholic content.

We think the Chancellor was correct in his conclusion that the words "transport", "store", "receive", and "possess" are limited by the phrase "for sale within the city". The ordinance declares it a misdemeanor to transport beer for sale within the city, to store beer for sale within the city, to receive beer for sale within the city, or to possess beer for sale within the city.

There is no express provision making it unlawful to transport, store, receive or possess beer within the city limits for export and sale beyond the corporate boundaries.

█ It is a fundamental rule that penal statutes and

ordinances are strictly construed. *Kitts* v. *Kitts,* 136 Tenn. 314, 189 S. W. 375. A penal statute or ordinance will not be enlarged by implication or intendment beyond the fair meaning of the language used, and will not be held to include other offenses than those which are clearly described. *Richmond* v. *State,* 171 Tenn. 1, 100 S. W. (2d) 1.

In view of our opinion that the Chancellor was correct in holding that the ordinance in question does not prohibit appellee from storing beer inside the city limits for export and sale beyond the boundaries of the municipality, we find it unnecessary to pass upon the remaining assignments of error.

Our decision disposes of the controversy between the parties, and the action of the Chancellor is affirmed for the reasons and upon the ground set out in the opinion at the cost of the appellants.