William Charles Brown, Plaintiff-in-Error,

*v.*

Catherine Thomas, Defendant-in-Error.

426 S.W.2d 496.

(*Knoxville,* September Term, 1967.)

Opinion filed March 27, 1968.

320

FLYNN & FLYNN, Knoxville, for plaintiff in error.

CLARENCE BLACKBURN, District Attorney General, and ZANE DANIEL, Assistant District Attorney General, Knoxville, for defendant in error.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

This controversy arose under the Reciprocal Enforcement of Support Act, T.C.A. Sections 36-901 through 36-929.

Defendant-in-error, Catherine Thomas, filed a petition in the Court of Common Pleas, New London County, Connecticut against plaintiff-in-error, William Charles

Brown, to compel support for herself and three young children.

We will refer to the parties as they appeared in the trial court: that is, Catherine Thomas as petitioner and William Charles Brown as defendant.

At the time the petition was filed, defendant was residing in Knoxville, Tennessee.

The record shows the parties had never married but had cohabited for nine years. The children were born to this union. Defendant had refused to provide support for petitioner and their three children.

The trial judge found the amount of support necessary was $79.15 per month.

A certified copy of the record and judgment was forwarded to Knox County, Tennessee, for enforcement of the judgment pursuant to the Reciprocal Enforcement of Support Act and filed in the Circuit Court of that County. Process was issued and served upon defendant.

Defendant, through his Attorney, moved to dismiss the petition; which motion was overruled. Defendant then filed a demurrer on the following grounds:

"That the petition on its face, sworn to by the petitioner, is insufficient in law to place a duty of support upon the respondent in that it states on its face that the petitioner and the respondent were never married, and that the children are therefore illegitimate children and under the laws of the State of Tennessee there is no duty of a father to support his illegitimate children unless and until there has been a finding under the provisions of Tennessee Code Annotated 36-222

through 36-236, Public Acts of 1955, Chapter 186, finding a person to be the father of an illegitimate child or children.

"That the petition on its face does not allege a determination by any court that the respondent is the father of the children for whom support is sought in said petition."

The trial judge overruled the demurrer and granted defendant a discretionary appeal.

We are of the opinion the judgment of the trial judge in overruling the demurrer must be affirmed.

■ The averments of fact in the petition are admitted to be true by demurrer, and are accepted as true on this appeal. *City of Kingsport v. Jones,* 196 Tenn. 544, 268 S.W.2d 576 (1954).

By the demurrer, defendant has admitted he is the father of the children.

T.C.A. Section 36-223 provides, in part:

"The father of a child born out of wedlock is liable for the necessary support and education of the child. He is also liable for the child's funeral expenses."

■■ This statute was discussed and construed in the case of *Shelley v. Central Woodwork, Inc.,* 207 Tenn. 411, 340 S.W.2d 896 (1960), as follows:

"Following this Section of the Code are a number of Sections providing the machinery for establishing the paternity of the father and enforcing the terms of the provisions of the Code last above quoted. Clearly, though, by the study of these provisions, the Legislature in passing this Act did not evidence an intention

to make these provisions the exclusive remedy of enforcing the father's liability. When the father dies prior to the birth of a child this machinery of establishing paternity and establishing the obligation as set forth in the statute above quoted could not be put into force, but when it is established, as here, that the deceased is the father of this child, then clearly the statute above quoted as to his obligations for an illegitimate child would come into force.''

█ Thus, it is clear a father of illegitimate children is obligated for their support.

The second ground of the demurrer is without merit for the reason it was not necessary for petitioner to allege defendant had been adjudicated the putative father of the children.

The petition was brought under the Uniform Reciprocal Enforcement of Support Act, Connecticut General Statutes, Title 17, Chapter 308. The same Act has been adopted in Tennessee, and where applicable, its provisions govern petitioner's cause of action.

''Duty of support'' is defined by the Uniform Act as including: ''* * * any duty of support imposed or imposable by law or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, legal separation, separate maintenance, or otherwise.'' T.C.A. Section 36-902(6).

█ Under the statute, the duty of support need not be the result of court action; but may be any duty imposable by law. Such a duty is imposable upon a putative father by the provisions of T.C.A. Section 36-223.

The judgment of the trial court is affirmed and the cause remanded. Defendant will pay the costs of the appeal. The costs below will await final outcome in that court.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.