**Shelia P. RATCLIFFE,**
**Plaintiff-Appellant,**

v.

**Carl R. RATCLIFFE, Jr.,**
**Defendant-Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Jan. 28, 1986.

W.J. Michael Cody, Atty. Gen. and Reporter, Robert Conley, Asst. Atty. Gen., Nashville, for plaintiff-appellant.

Donald K. Vowell, of Rainwater, Humble & Vowell, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

The trial court refused to entertain the wife's petition for support, filed pursuant to the Uniform Reciprocal Enforcement of Support Act, T.C.A., § 36–5–201, *et seq.,* on the grounds the court was without subject matter jurisdiction.[1]

The wife's petition for support against the husband, residing in Tennessee, was filed on May 3, 1984, in Arlington County, Virginia. The Virginia court made the preliminary determination that the wife was entitled to support and transmitted the action to Tennessee.

The trial court gave its reasons for refusing to hear the matter in a memorandum opinion, by stating:

The wife has sustained medical expenses and ordinary expenses of living, and requests the payment of support pursuant to the Uniform Reciprocal Enforcement of Support Act, Tenn Code Ann. 36–5–201, et seq. The Court concludes as a matter of law that there would be subject matter jurisdiction to order the payment of spousal support alone, pursuant to a divorce decree, decree of separate maintenance, or temporary support order of another state. The Court further concludes as a matter of law that in cases involving no child support, there is no subject matter jurisdiction to impose, or enforce, spousal support alone, absent an earlier order for such relief having been made in an action for divorce or separate maintenance.

A principal purpose of the Uniform Act is enforcement of the duties of support. The Act provides for the commencement of a proceeding by the obligee in the initiating state. Upon a determination by the court in the initiating state that the respondent owes a duty of support and the courts of another state have jurisdiction of his person or property, the court certifies the proceeding to the appropriate court in the responding state which then has jurisdiction of the matter to enter an appropriate order.

The Act sets forth the duties which are enforceable:

T.C.A., § 36–5–207. *What duties are enforceable.*—Duties of support applicable under this part are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.

The duty to support alleged in the instant case is imposable under the laws of this state. *See Wilson v. Hafley,* 189 Tenn. 598, 226 S.W.2d 308 (1949).

This interpretation of the statute is consistent with the Supreme Court's decision in *Brown v. Thomas,* 221 Tenn. 319, 426

---

**1.** The trial court clearly held it was without subject matter jurisdiction but failed to dismiss the action. We have waived the requirements for appeal and consider the issue pursuant to T.R.A.P., Rule 9.

S.W.2d 496 (1968), where the court held that under the Uniform Act the duty of support may not necessarily be the result of court action but may arise from any duty of support imposable by law.

We remand the cause to the trial court for trial. *See* 23 Am.Jur.2d, *Desertion and Nonsupport,* § 134.

The costs of the appeal are assessed to the appellee.

PARROTT, P.J., and SANDERS, J., concur.

