## L. J. SWINEY et al. v. A. N. SWINEY et al.

1. DEEDS. · Paper testamentary. Where there is an absolute conveyance of land reserving a trust in favor of the grantor and his wife, to the former for life, to the latter for life or widowhood, with a disposition of the remainder after wife's death or marriage, the paper is a deed and not testamentary. Both the trust estate in favor of grantor and wife and the beneficial remainders took effect at once as vested estates, the first in possession, and others to be possessed on the happening of a contingency.

2. SAME. Delivery. Registration. The execution and delivery to be registered of a deed, and the payment of the register's fees by the grantor, is equivalent to an actual delivery.

3. SAME. Description of land. When sufficient. The description in a deed as "two tracts of land adjoining each other, in Marshall county, containing in all about three hundred and fifty-three and one-half acres, the land being the land on which I now reside," is sufficient.

### FROM MARSHALL.

Appeal from the Chancery Court at Lewisburg. JOHN V. WRIGHT, Sp. Ch.

H. L. DAVIDSON and LEWIS BROS. for complainants.

A. N. MILLER, P. C. SMITHSON and W. W. WALKER for defendants.

FREEMAN, J., delivered the opinion of the court.

In 1853 Wm. Swiney, the ancestor of defendant, A. N. Swiney, made a deed of two tracts of land in trust to Humphrey Cowden, of Marshall county, the

residence of said Swiney. The deed is a voluntary one. The property conveyed is thus described: "Two tracts of land adjoining each other, in Marshall county, Tennessee, containing in all about three hundred and fifty-three and one-half acres, eleven slaves and their increase (naming them), hogs, horses, cattle, sheep, etc., and property of every description whatever, (the land being the land on which I now live). Also all the notes and accounts I have on hand against any and all individuals. To have and hold the same, and every part thereof, upon trust and the following conditions:

"I have been twice married, and have living by my first wife five children (naming them), and by my present wife, Nancy, who is now living, five children (naming them, etc.); and I am disposed to make provision for the future maintenance, support and welfare of myself, my wife, and my aforesaid ten children, now this conveyance is made to said Cowden in trust, as above mentioned, that Humphrey Cowden permit me and my wife to possess and enjoy the property of every description above conveyed during our natural lives, and should I die before my wife, that he permit her to enjoy the same till her death or second marriage, and in the event of her second marriage or death, that he sell the whole of said property then remaining upon such credit or credits as he may think most advisable, and collect the proceeds of said sale, and any moneys that may be due me on notes and accounts, and that he divide the fund thus arising equally among my ten children

above named, or their heirs, and my wife, in the event of her second marriage, charging any of my children with such advancements as may have been heretofore made to them by me, of which he will require them to give a strict account.

"In testimony whereof," etc.

This instrument was acknowledged before the clerk of the county court on the day it bears date, and filed for registration three days after, and regularly registered.

Wm. Swiney, the maker of the deed, died in 1877, his wife some time before. The only property conveyed by the above deed remaining at his death is the land, and about that is the present controversy.

A. N. Swiney, one of the sons, claims two hundred acres of this land, and contests the title of the other parties who claim under the above deed. The trustee, Cowden, claims under the deed in his answer, and that the same is valid. The claim of A. N. is based on subsequent conveyances by the father, Wm. Swiney, and the question is, which has the better title, the beneficiaries under the deed to Cowden, or the subsequent conveyee of the father? If the deed to Cowden is valid, and operative as such, then being older, the defendant has no title. If void, then his title is the better.

The chancellor decreed in favor of the validity of the deed of 1853, and held its trusts valid, from which A. N. Swiney has appealed. The Referees report in favor of an affirmance of this decree, to which exceptions are filed. These exceptions present

only three points of objection to the report and to the deed; no other question is before us:

First, Because the description of the land in the deed is insufficient to pass the title.

Second, The deed was never effectuated by delivery.

Third, That it is not a deed, but a testamentary paper.

We notice these in their inverse order.

It is urged that this paper was intended to operate after the death of the maker and is therefore testamentary. As said by this court in the case of *Swails* v. *Bushart,* 2 Head, 563: "It is true that a will is a disposition of property to take effect after the death of a testator, but that definition of a will does not exclude the conclusion that a deed may be the same in effect in that particular. The former is necessarily so, but not the latter." In that case a paper was sustained as a deed which conveyed property to two children named, "their heirs and assigns forever, *after* my death," and so in the case of *Walls* v. *Ward,* 2 Swan, 653. The rule stated in the cases is of a vested right to present enjoyment, or future enjoyment passes that will do to make the paper a deed. But it must be a right to some specific thing *then* owned by the donor, and to a designated person: 2 Head, 563–4; 10 Yer., 327.

There can be no question this is a deed under these cases, as well as all our cases on the subject. There is an absolute conveyance of the land to a designated party, designated on certain well defined

trusts. The whole estate is conveyed, only a reservation of a trust in favor of the grantor and his wife, to the former for life, to the latter for life or widowhood, with a disposition of the remainder after the wife's death or marriage. Both the trust estate in favor of husband and wife and the beneficial remainders took effect at once as vested estates, the first in possession, the others to be possessed on the happening of the contingency provided for, to-wit, the death of the grantor, or the death or marriage of the wife. The legal title passed to Cowden, the beneficial title under the trust at once to the beneficiaries specified.

Was the deed delivered, and thereby made effectual as such by what was done? On this question there can be no reasonable doubt. It was written and acknowledged in the presence of the trustee, Cowden, and in a few days registered, the fees being paid by the grantor. Our cases settle the principle that whether the mere execution and delivery to the register for registration will amount to a delivery is a question of intention, but if the grantor directed it to be registered, or subsequently assented to it, that would be equivalent to actual delivery: *McEwin* v. *Troost,* 1 Sneed, 191. The execution and registration made a *prima facie* case of delivery, and it devolves on the other side to prove that it was not so intended: *Thompson* v. *Jones,* 1 Head, 576. This would be conclusive on the facts of this case, but in addition the trustee, Cowden, proves that he held the deed for about a week, and then handed it back

to the grantor, and this after its registration. It is further shown, the grantor at numerous times recognized it as an effective paper and beyond his power to change. It was certainly delivered.

The only remaining question is, does the deed sufficiently describe the land so as to identify it, and show from that description what property was conveyed?

The description is, "two tracts of land adjoining each other, in Marshall county, containing in all about three hundred and fifty-three and one-half acres, the land being the land on which I now reside." This is all of it, that is, we see from the deed that two tracts of land adjoining each other are intended to be conveyed, and that they lie in Marshall county, Tennessee, and it is the land on which the grantor resides. The civil district is not given, nor adjoining lands.

On this question we have had numerous decisions from which to ascertain the rule as to what is decreed a compliance with the statute of frauds, providing that no action shall be brought "upon any contract for sale of lands, tenements or hereditaments unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged thereby, or by some other person by him thereunto lawfully authorized."

The Referees refer to the following cases decided by this court in which they report the description sufficient: 1 Head, 560, 566; 1 Cold., 265; 5 Cold., 616; 4 Bax., 544.

21—VOL. 14.

The case in 1 Head was a conveyance of a tract of land of four hundred acres in Coffee county, with the following reservation: "A small lot reserved for a burying ground, two poles square, around the graves where said William Hodge and his grand-children are now buried," these being the graves at the place at the time. The contest was over this reservation. The court held the only question was as to boundary, and on this question the circuit judge charged the jury "that in the absence of any agreement of the parties, the law fixed the boundaries of the reserved lot by making the then graves, which were there when the conveyance was made, a common center from which by lines equally extended each way, an area of two poles square was to be laid off: This was held proper construction of the deed, and was all that was discussed or decided. The other case in same book, 608–9, was where land belonged to two parties as partners or a firm, and the court say were well described in the deed to the firm. In division of assets a memorandum by the parties was executed, saying: Fitzpatrick takes the tract of land known as the "Peter tract," and another as the "Riley tract," and said Louis is to have the "Will place" upon paying Fitzpatrick $1,485.

The court held that as the land belonged to the firm, nothing more was required in a division but to designate the tract assigned to each by such terms as would be well understood, or the general appellations by which they were known, and the description sufficient. In the case of *McGavock and Wife* v.

*Deery et al.*, 1 Cold., 267, the court held the description sufficient iu a deed of trust assigning the interest of the parties in their father's estate as follows: "The joint or joint and several individual interests in the real estate of William Deery, their father, late of Sullivan county, deceased, wherever said real estate may be situated. The court sustained this, citing from Cruise's Digest, "that all lands will pass in a deed by the wards all the estate which descended to the grantor from J. S." The principle on which the court rests the decision is: "It is easy to ascertain from the description in the deed what was the property assigned. It is all their interest in the real estate of their father, who died in Sullivan county, wherever it may be situated. The title of the father must be in writing, and to this in effect reference is made for the quantity and description of the property."

If this be the sound rule, and a majority of the court so think, then the present description is good, for it assumes that where the title deeds of the party from whom the conveyor received the land are to be considered as referred to for a full description of the same, and if this can be done, then no departure in principle is seen in holding that a party conveys land owned by himself, and designates by definite circumstances the tract conveyed, that you may look to his title deeds for the quantity and full description. This is going, as I think, beyond the case in 1 Coldwell somewhat, and I prefer the rule of the better considered, as I think, of our cases, that there shall

be a description of the land in the deed, or in some paper to which it expressly refers. The view given in the case of *Gudger* v. *Barnes*, 4 Heis., 570, is, I think, the sounder one. However, the opinion of the court is that the above description is sufficient, and the deed sufficient to convey the land thus described.

The result is, the report of the Referees is approved, and decree below affirmed with costs.