C. E. MEE *et al. v.* FRANCES T. MEE.

*(Knoxville.*  September Term, 1904.)

1. **DEEDS OF CONVEYANCE.** Parol evidence is admissible to show trust under absolute deed, when.

Where a deed conveys an absolute title, without more, parol evidence is admissible to show an unexpressed agreement made at the time the deed was executed that the property should be held and impressed with a beneficial trust in favor of a third person not mentioned in the face of the deed. (*Post, pp.* 455,456.)

Cases cited and approved: Woodfin v. Marks, 104 Tenn., 512; Thompson v. Thompson, 54 S. W., 145; Hall v. Livingston, 3 Del. Chy., 373; Brison v. Brison, 75 Cal., 533; Shelton v. Shelton, 58 N. C., 295; Patton v. Beecher, 62 Ala., 585.

2. **SAME.** Same. Parol evidence is inadmissible to show a mandatory trust in contradiction of an expressed discretion.

Where a deed of conveyance, by its terms, confers on the grantee a discretion to dispose of the land as she pleases, which is totally inconsistent with a mandatory trust, parol evidence is inadmissible to establish a mandatory trust, because this would contradict the terms of the deed. (*Post, pp.* 455-463.)

Case cited and overruled as a dictum: McLellan v. McLean, 2 Head, 684.

3. **SAME.** Same. Same. Parol evidence is inadmissible to show a trust by verbal agreement under absolute deed with discretion.

Where a deed of conveyance absolute on its face, by its terms, confers upon the grantee the discretion to dispose of the land free from any trust, parol evidence is inadmissible to establish the trust by showing a verbal agreement to hold the property in trust. (*Post, pp.* 457, 458, 463.)

FROM BRADLEY.

Appeal from the Chancery Court of Bradley County. —T. M. McCONNELL, Chancellor.

COOK, SWANEY & COOK, and MAYFIELD & SON, for complainants.

JOHN C. RAMSEY, for defendant.

MR. JUSTICE WILKES delivered the opinion of the Court.

The bill in this case seeks to set up a trust and beneficial ownership in a tract of land held by the defendant Frances T. Mee under a deed from her husband, Columbus A. Mee, which upon its face has no declaration or expression of trust. It is sought to impress this trust and set up the beneficial interest by parol proof. The habendum part of the deed, which is the only part necessary to be specially noted, is in these words:

"To have and to hold said lands herein conveyed unto the said Frances T. Mee herself and her lawful assigns forever in fee simple, and said Frances T. Mee is hereby authorized and empowered to sell, to dispose of and convey any or all of said property by sale or by will,

Mee v. Mee.

or otherwise, as she may see fit to do, and for such purposes as she may deem best."

The contention is that Columbus A. Mee, when he made this deed, intended that the property should be held in trust by his wife, the grantee, for the benefit of his nephews Columbus A. Mee and Paul Mee, and that there was an agreement upon her part that upon his death she would convey the same to them. It is properly conceded that a trust may be impressed upon property held under a deed absolute upon its face by parol proof of an agreement made at the time the deed is executed that the property should be held and impressed with such trust. *Woodfin* v. *Marks,* 104 Tenn., 512, 58 S. W., 227; *Thompson* v. *Thompson* (Tenn. Ch. App.), 54 S. W., 145, and authorities there cited. But it is said that it is not competent or allowable to set up such a trust in opposition to the provisions of the deed. In other words, if the deed, upon its face and by its terms, is absolute, and conveys to the grantee a fee-simple estate, without more, the trust character can be shown by parol, because this would not in any way contradict the terms of the deed. But if the deed contains provisions which expressly or by clear imputation give the grantee a power or discretion to defeat the trust, or are inconsistent with it, then the trust does not exist in such shape as to be mandatory upon the grantee.

To illustrate still further, and at the same time present the exact point of controversy in the case, it is conceded that if the deed to Mrs. Mee had contained the

usual habendum clause of a fee-simple deed, without more, then parol proof would be competent to show that, while the deed was in form a fee-simple conveyance, still it was impressed by an unexpressed agreement with a beneficial trust in favor of a third person not mentioned in the face of the deed.

But if the deed, after conveying a fee-simple estate, contains provisions which confer upon the grantee discretionary power to defeat the trust, then parol evidence is not competent to defeat these provisions, and the deed cannot thus be altered or contradicted, or its provisions modified or impressed with any character or trust inconsistent with the provisions of the deed.

The real question in the case, which presents itself, is whether this deed, upon its face, contains any provisions or stipulations inconsistent with the trust attempted to be set up, and whether the imposition of such a trust would be a contradiction of the terms of the deed.

We are of opinion, if this deed contained the usual habendum clause of a fee-simple deed, it would be competent by parol to superimpose upon it a trust in favor of third persons. We speak now of the competency, and not of the sufficiency, of such parol evidence. *Woodfin* v. *Marks,* 104 Tenn., 512, 58 S. W., 227; *Hall* v. *Livingston,* 3 Del. Ch., 373; *Brison* v. *Brison,* 75 Cal., 533, 17 Pac., 689, 7 Am. St. Rep., 189; *Shelton* v. *Shelton,* 58 N. C., 295; *Patton* v. *Beecher,* 62 Ala., 585.

But we are of opinion that the deed in controversy is

not such a fee-simple deed, without conditions or limitations. The provision that the grantee is "authorized and empowered to sell, to dispose of and convey, any and all of said property by sale or by will, or otherwise, as she may see fit to do, and for such purposes as she may deem best," is totally inconsistent with a mandatory trust upon the grantee to convey it otherwise than at her discretion, and for such purpose as she may deem best.

That she has the power to convey by deed or will to the complainants is plain, and we think it equally plain that she has the discretion, coupled with the power, not to convey it to them, but to dispose of it otherwise, as she may see fit, and for such purposes as she may deem best.

If this be the proper construction of the provisions of the deed, then we are of opinion that parol proof is not competent to change, alter, modify, or nullify these provisions, or to defeat such discretion.

The general principle that parol proof will not be allowed to change, alter, or contradict the terms of a written instrument is admitted, and is, we think, clearly applicable. It follows that even if parol proof should be allowed to show that Mrs. Mee at one time or frequently had agreed with her husband to hold this property in trust for, and to convey it to, his nephews the complainants, still the deed, when written, gave her the option or discretion to do so, or not, as he might see fit,

and this option and discretion expressed in the deed cannot be contradicted and denied by parol proof.

If the deed intended to, and by its terms does, confer upon Mrs. Mee an option and discretion to dispose of the land free from the trust, then, even if there should be a subsequent clause expressly raising the trust, the discretionary provisions would be superior, and the trust provisions would be subordinate.

In this connection, it is proper to remark that the court of chancery appeals does not find that anything was said to the draftsman of the deed, or any one there, at the time of the execution of the deed, expressing a desire to impress a trust upon the property, but the evidence which was considered by the court of chancery appeals consisted of conversations and statements made by and between Mr. and Mrs. Mee previous to the execution of the deed, and Mrs. Mee's subsequent statement. That court, after reporting upon the evidence, says: "The real, difficult question in the case is whether or not Col. Mee conveyed this lower farm to his wife, leaving it to her discretion and judgment as to whether or not she would convey it to complainants. It is manifest from the proof, however, that after the death of her husband she expressly said to complainants and others that she intended to convey it to complainants, and to convey it to them in obedience to the known wish of her husband. We think, therefore, that she held this land in trust for complainants."

It thus appears that the court of chancery appeals did

not find definitely whether the parol proof showed that the conveyance and disposition of the land was left to the discretion and judgment of Mrs. Mee, but that court seems to hold that defendant having, after the death of her husband, expressed her intention to convey to complainants in accordance with the husband's wish, constituted herself an express trustee for complainants' benefit.

But we do not think this follows by any means, but the action of Mrs. Mee is wholly consistent with the view that she was exercising her own discretion as to making such conveyance.

She may at one time, even after her husband's death, have intended to make the conveyance as her husband had desired; but it is clear she did not execute that intention when requested to do so, but withheld the execution of the deed, and kept it in abeyance, although, under the trust as attempted to be set up, she was obligated to make such conveyance at once upon the death of the husband. Her action in declining at that time to make the conveyance negatives, instead of supports, the mandatory character of the trust, as sought to be set up, and at the same time is entirely consistent with the construction and language of the instrument, that she was to sell, convey, or dispose of it as she might see fit, and for such purpose as she might deem best. A mere expression of intention would not, in the absence of execution, create the trust, nor make it any more binding. The only case in our books militating against

the view we have taken is that of *McLellan* v. *McLean,*
2 Head, 684. In that case there was a will by which
property was given to Isabella Caroline M'Lellan and
heirs, forever, "to dispose of as she may think proper,"
and in that case, and under that language, a trust was
set up by parol.

The opinion in the case was delivered by a special
judge, and the question involved in this case was not
passed upon, and, so far as we can see, not presented to
the court in that case. In the present case it is argued
that the words in the deed of Mr. Mee authorizing and
empowering Mrs. Mee to sell, dispose of, and convey any
or all of said property by sale or by will, or otherwise
as she may see fit to do, and for such purposes as she
may deem best, does not confer any greater estate nor
give any more power to Mrs. Mee than would a deed in
fee simple, upon which it is conceded a trust may be im-
posed. This we grant, but the question is not one of
power to make the conveyance. That exists in the one
case as well as in the other. But in the fee-simple deed
there is no conferring of discretion by the terms of the
instrument. This discretion is added to the deed in
controversy, and the parol proof seeks to vary and con-
tradict these provisions which confer the discretion.

If there were no language in the deed giving the dis-
cretion, then the setting up of the trust would not be
contrary to the language of the deed.

The principle upon which, in such case, parol evi-
dence is admissible, is the supposed incompleteness of

the instrument, and the parol evidence is competent to complete it, but not to contradict it.

It is laid down that the courts, following the analogy of uses, never permit the averment of a trust in contradiction to any expression of intention on the face of the instrument itself.    Lewis on Trusts, sec. 51.

Again, "parol evidence is admissible to show the purpose for which an instrument was executed, and that its design and object were different from what its language, if alone considered, would indicate."

But the rule is subject to the qualification that the purpose thus declared by parol must not be inconsistent with the express terms of the instrument, for, if the parties have clearly stated their purpose in the instrument itself, no extrinsic evidence will be received to contradict it.    21 Am. & Eng. Enc. Law (2d Ed.), pp. 1111, 1113.

It is difficult to understand, if Mr. Mee did not intend his wife to have this discretion and power, why he did not himself make the deed directly to his nephews. Why place the title in her at all, if she must in any event and immediately pass it on to the complainants?

We do not stop to inquire what the object of Mr. Mee was in giving this power or discretion to his wife, nor why she has seen proper to exercise it.    The crucial question before us is, does the deed give the discretion in express terms in writing?    If so, it cannot be taken away by parol evidence, because the effect of such evidence must inevitably be to defeat a discretion conferred

in writing, and thus to alter, contradict, and nullify the writing.

The view which we have taken is not only based upon sound reason, but also upon authority. *Woodfin* v. *Marks,* 104 Tenn., 512, 58 S. W., 227; *Thompson* v. *Thompson* (Tenn. Ch. App.), 54 S. W., 145; 1 Lewis on Trusts, sec. 51; 21 Am. & Eng. Ency. Law (2d Ed.), pp. 1111, 1113; *Thomas* v. *Scutt,* 127 N. Y., 133, 140, 27 N. E., 961, and cases cited in notes; *Hutchins* v. *Hebbard,* 34 N. Y., 24, and notes; *Chapin* v. *Dobson,* 78 N. Y., 74, 34 Am. Rep., 512, and notes; *Hall* v. *Livingston,* 3 Del. Ch., 373.

In the latter case the distinction here attempted to be set out is plainly stated as follows:

"The effort of complainant is not to contradict or to impair the legal operation of the deed to Livingston, but rather to charge him, as the legal owner under the deed, with a trust arising out of an agreement *dehors* the deed touching its object and the uses of the estate conveyed."

There is a well-recognized distinction between contradicting a deed or impairing its legal operation and the arising out of the transaction of an equity *dehors* the deed binding the grantee's conscience to hold the land for the real purposes of the conveyance, and not according to its legal operation, when the latter use of it would, under the circumstances, work fraud. Such an equity is held to be independent of the deed, not excluded by it, as a mere conveyance of the legal estate, unless there be in it some terms or implication to that

Mee v. Mee.

effect.    To support such an equity, parol evidence is admissible, not as contradicting the deed, but as explanatory of the transactions out of which the equity arises. In such case no allegation is necessary that a declaration of the equity or trust was, through fraud or mistake, omitted in the deed, because, as the equity or trust arises out of the extrinsic circumstances, and is not at all dependent upon the face of the deed, it needs not, in order to effectuate it, that the deed be reformed, or, which is the same thing, treated as if reformed.

The only real question in the case, as we view it, is whether the setting up of the trust as is asked for will contradict the terms of the deed; and we are of opinion that such trust, if declared to be mandatory, and not a matter of discretion on the part of Mrs. Mee, will be a direct contradiction, and the two cannot consist together.    The decree of the court of chancery appeals is reversed, and the bill is dismissed, at complainants' costs.