MABEL BRUMMITT, BY NEXT FRIEND, *v.* FRANK C. BROWN.

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

PHILLIPS & HALE, for plaintiff in error.

ANDERSON & WORD and MARGRAVES & MONEYHUN, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a suit brought to recover damages for seduction. The defendant having removed himself from the County before the bringing of the suit, an attachment was levied upon a one-ninth undivided interest in two tracts of land in Hawkins County as the property of the defendant. A plea in abatement was interposed setting up the sale and conveyance of the undivided interest and the registration of the deed prior to the bringing of the suit. A replication denied the conveyance of the land

and set up that the alleged conveyance was void under the Statute of Frauds, as not containing a sufficient description. This replication was filed at the November term of the Court, together with a stipulation of facts signed by the parties, and the case was heard and taken under advisement. At the March term following, the Court announced its opinion, holding that the description was sufficient to pass the undivided interest, and thereupon, and before the entry of the judgment of the Court, an amendment was allowed to the replication by which it was additionally alleged that the deed was executed without consideration and for the fraudulent purpose of defrauding creditors, with the knowledge of the grantee. Thereupon a demurrer was filed to the effect that the Circuit Court was without jurisdiction to determine this issue, which was sustained by the Court, the attachment discharged and the suit dismissed, no personal service having been obtained on the defendant. The motion for a new trial being overruled this appeal was taken.

Counsel for plaintiff say that the case is here for review, first, on the question of the action of the Court below on the sufficiency of the description in the conveyance, and, second, of the court's action in sustaining the demurrer and holding that the Circuit Court was without jurisdiction to determine the issue of fraud.

Counsel for the defendant below say but one question only is here for review, that being the sufficiency of the description; that the case was heard below on this issue only, and reliance is had upon the express terms of the stipulation of the parties on which the lower court heard and determined the case.

Looking to this stipulation, we find that the contention of counsel for the defendant below is supported by its terms. It reads as follows: ¸

"It is mutually agreed that this case may be submitted to the Court for a decision upon the issues presented by the defendant's plea in abatement, the plaintiff's replication thereto, and the defendant's joinder of issue, and for said purpose it is agreed that the land upon which the attachment sued out by the plaintiff was levied belonged to F. A. Brown, in his lifetime; that said F. A. Brown died March 7, 1928, in Hamblen County, Tennessee; that he left surviving him nine children, his heirs at law, one of whom was the defendant, Frank C. Brown, who at that time and until about the time of the bringing of the suit in this case, resided in Hawkins County, and that the interest which the said Frank C. Brown, owned in said real estate, was acquired by descent from his said father, F. A. Brown, who died intestate. The deed from Frank C. Brown to Mildred Brown Cameron is here filed as Exhibit 'A.' The grantee is a sister of the said Frank C. Brown. It is the contention of the plaintiff that the deed filed in the cause, which was executed by the defendant Frank C. Brown, to Mildred Brown Cameron, is void under the Statute of Frauds, because it does not contain a sufficient description of the property conveyed. It is the contention of the defendant that said deed is valid, and that the description of the property set out in said deed is sufficient under the Statute of Frauds."

It will be observed that the controversy submitted to the lower court was apparently confined to the question of whether or not the conveyance was void under the Statute of Frauds, "because it does not contain a suffi-

cient description of the property conveyed." In this situation this Court will consider this question only.

It appears that defendant Frank C. Brown, was the son and one of the heirs of one Frank A. Brown, who died on the 7th day of March before the bringing of this suit, leaving property located in both Hawkins and Hamblen Counties. The deed duly incorporated in the record recites that, "This indenture made this 10th day of March, A. D., 1928, between Frank C. Brown of Rogersville, in the State of Tennessee, of the first part, and Mildred Brown Cameron of Knoxville, Tennessee, of the second part, witnesseth that the said party of the first part, for and in consideration of the sum of $555.55, to me in hand paid by the said party of the second part, the receipt of which is hereby acknowledged . . . does hereby grant, bargain, sell and convey unto the said party of the second part the following described premises, to-wit: All my undivided interest in the estate of my father, Frank A. Brown, of Hamblen County, Tennessee, who was deceased on the 7th day of March, 1928." It is followed by the usual covenants and warranty, the signature and acknowledgment before a Notary Public in Knox County, Tennessee, and shows that it was thereafter registered in both Hawkins and Hamblen Counties.

Counsel for the plaintiff below rely upon certain general holdings to the effect that a deed "should contain a description and identification of the land, with reasonable certainty, not with reference to some other fact that might upon investigation lead to parol evidence from which it might be identified." *Gudger* v. *Barnes,* 4 Heisk., 584, is the Tennessee case cited. In the later case of *Swiney* v. *Swiney,* 82 Tenn., 316, Justice FREEMAN, who wrote both opinions, notes that a majority of the Court

approves a departure from the views expressed in his opinion in *Gudger* v. *Barnes*. Counsel cite several cases from other jurisdictions, but no other from this Court.

On the other hand, our cases seem clearly to support a conveyance by an heir of "all my undivided interest in the estate of my father," naming him and giving the time and place of his decease. *McGavock* v. *Deery*, 1 Cold., 265, appears to be much in point. Mr. Shannon, in his Annotated Code, Vol. 2, page 2288, Sec. 3142, Note 244, says, citing cases: "A deed of trust or assignment for the benefit of certain creditors which conveys the grantor's undivided interest in the real estate of his deceased father, late of Sullivan County, wherever situated, is sufficient in description." And, in the early case of *Fitzgerald* v. *Vestal*, 36 Tenn., 258, it was in effect held that a reference for description to the ancestor's title is sufficient. In the late case of *Wilson* v. *Calhoun*, 157 Tenn., 667, a description was upheld which failed to contain, either in the body of the instrument or its caption, the name of the State or County. While that decision turned upon propositions not directly involved here, reference was made to *Wilson* v. *Boyce*, 92 U. S., 377, 23 L. Ed., 610, wherein it was said that, "a deed 'of all my estate' is sufficient," etc.

In this case location of the property attempted to be described within the State of Tennessee is fairly deducible from the recitation as to the residences, not only of the parties to the conveyance, but of the ancestor through whom the title came.

In *Dougherty* v. *Chestnut*, 86 Tenn., page 1, known as the "Rose Hill" case, the instrument was sustained as against a plea of the Statute of Frauds, the Court finding that the deed "shows on its face that Henderson

Fudge, the lessor, and W. F. Wright, the lessee, both lived in Hawkins County, Tennessee, from which it may be reasonably inferred that the lands lay in that County.''

We think in the present case it may reasonably be inferred that the lands lay in Tennessee, and it seems to be well settled, both in this State and generally, except in Virginia and Connecticut, where the rights of third parties are recognized as superior, that a deed or mortgage describing the subject matter as all of the grantors property, or all of his property in a certain locality, is not void for want of sufficient description. These holdings seem to rest upon the theory that the description can be made certain by reference to the deeds of record conveying the lands. See *Brusseon* v. *Hill,* 55 A. L. R., 157 and see, at page 163, Annotations and citations.

We are of opinion that there was no error in the judgment of the Circuit Court.

Affirmed.