EMMA JANE NORTHINGTON BRANTLEY, *et al. v.*
MRS. ANNIE ARCHER BRANTLEY, also known as Mrs.
J. C. Brantley, Sr., *et al.*

*(Nashville,* December Term, 1954.)

Opinion filed August 2, 1955.

J. E. MADDEN and SAM F. COLE, both of Memphis, for appellants.

ADRIAN LOWENTHAL, of Memphis, and W. E. WILROY, of Hernando, Miss., for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit was brought to impress a trust in the complainant's favor, to the extent of their interest, upon cer-

tain property in Shelby County, Tennessee, held by their mother Mrs. J. C. Brantley, Sr., the defendant. Others are also joined as defendant being certain parties siding with Mrs. Brantley, a Loan and Savings Bank and a trustee under a mortgage. The trust rests upon an alleged parol agreement of the parties, between Mrs. Brantley, Sr., and the complainants. The defendants demurred. Upon their demurrer being overruled they were allowed a discretionary appeal. The matter has now been briefed and argued before us and we have the matter for determination.

The bill sets out that J. C. Brantley, Sr., died on January 10, 1935. Under the terms of his last will he left his property to his widow and children in equal shares but in the codicil to this will he cut off two of his children, Elizabeth and John Charles, Jr., who are complainants herein. On January 16, 1935 (just a few days after the death of J. C. Brantley, Sr.) the widow and other children entered into a deed conveying to the two disinherited children an interest of one-eighth each in their father's estate, this being the same interest which they would have taken had they shared equally with the other children.

After making this deed the mother and children discussed the best use to make of certain property located in Shelby County, Tennessee, and it was decided that if the property was improved that it would be revenue producing. Pursuant to this the mother and children agreed that the property should be conveyed to the mother, Mrs. J. C. Brantley, Sr., and she should so improve and procure loans on the property and when same was paid off would reconvey the same to the children according to their interest that they had when it was conveyed to their mother.

The bill then alleges that the mother instead of abiding by her agreement to pay off this mortgage and reconvey to them that she has continued to borrow money on the property and has failed and refused to abide by her trust agreement.

Along with the bill a copy of the deed conveying the property to the mother is attached as an exhibit as well as the deed from all parties to the disinherited two children and a copy of the will and a correction copy of another deed.

The defendants demurred on four grounds, to wit:

"1. The bill seeks to enforce a verbal contract to reconvey real estate or an interest therein, in violation of Section 4 of the Statute of Frauds, Section 7831, Code of Tennessee 1932.

"2. The bill seeks to vary or contradict the terms of a written instrument by parol evidence.

"3. There is not equity on the face of the bill.

"4. The deed of gift of January 16, 1935 is insufficient to convey an estate and lands in Tennessee because the same violates the fourth section of the Statute of Frauds, Section 7831, Code of Tennessee, and that there is no description of any lands in Tennessee set forth in the purported deed of gift."

As said above the Chancellor overruled this demurrer and allowed a discretionary appeal.

It is conceded that the seventh section of the Statute of Frauds is not in force in Tennessee. In this State a trust in real estate may rest upon a parol agreement. *Woodfin* v. *Marks,* 104 Tenn. 512, 58 S. W. 227; *Thompson* v. *Thompson,* Tenn. Ch.A., 54 S. W. 145; *Hunt* v. *Hunt,* 169 Tenn. 1, 80 S. W. (2d) 666.

This Court in *Mee* v. *Mee,* 113 Tenn. 453, 82 S. W. 830, 106 Am. St. Rep. 865, held that a parol trust might

be set up to property where a deed conveys an absolute title, without more, and that under such a conveyance parol evidence was admissible to show an unexpressed agreement made at the time the deed was executed. It was further held in that case that where the deed, by its terms, confers on the grantee a discretion to dispose of land as she pleased, a discretion totally inconsistent with a mandatory trust, parol evidence was inadmissible to establish a mandatory trust, because such evidence would contradict the terms of the deed. The Court used the following language:

"If the deed, upon its face and by its terms, is absolute, and conveys to the grantee a fee-simple estate, without more, the trust character can be shown by parol, because this would not in any way contradict the terms of the deed. But if the deed contains provisions which expressly or by clear imputation give the grantee a power or discretion to defeat the trust, or are inconsistent with it, then the trust does not exist in such shape as to be mandatory upon the grantee."

We have examined the deed (a copy of which is attached hereto as an exhibit) from these children to the mother herein and under this deed these children do convey to their mother "an absolute title, without more". It thus would appear that this suit then clearly comes within the authority of *Mee* v. *Mee,* supra, and *Hunt* v. *Hunt,* supra, and others that have been decided in this State. Thus it is that the Statute of Frauds as plead to this demurrer is not here applicable.

The same authorities and the quotation from the Mee case above are likewise applicable to the second ground of the demurrer that parol evidence cannot be admitted to contradict this deed of the Brantley children to their

mother. This ground of the demurrer is likewise under sound authority overruled.

Next it is said that there is no equity on the face of the bill. The very allegations of the bill show that the mother of these complainants agreed at the .time that these complainants conveyed this property to her to reconvey the property to these children in the interest that they owned at the time of the conveyance or that they entered into a valid parol trust at the time. These allegations of the bill under this demurrer are admitted and must be taken as true. *Wilson* v. *Miller,* 194 Tenn. 390, 250 S. W. (2d) 575; *Zager* v. *Cobb,* 192 Tenn. 79, 237 S. W. (2d) 560. These very allegations within themselves, without using any words at all, are alleging a state of facts from which anyone must and should, the facts being true, conclude that fraud has been committed. It is not necessary in the bill to allege that one is guilty of fraudulent acts. All that is necessary is that the facts thus be averred and if they are so alleged and from them fraud is or can be seen then this is all that is necessary. Thus under these alleged facts there is clearly equity on the face of this bill.

The next and last ground of the demurrer is that the deed of gift between all of these children, after the death of their father, does not describe the lands in Tennessee in such sufficiency as to take this deed out of the terms of the "fourth section of the Statute of Frauds, Section 7831 of the Code of Tennessee". This Court in *Brummitt* v. *Brown,* 159 Tenn. 612, 21 S. W. (2d) 626, 627, held that a deed which described the interest conveyed as "all my undivided interest in the estate of my father, Frank A. Brown, of Hamblen County, Tennessee", was a sufficient description. The Court in this opinion takes up and analyzes cases of this State for a hundred years back

and correctly concludes that a description, where the heirs convey all of their interest in the real estate of their decedent heir, is a sufficient description and conveys the interest therein. It is needless for us to go into any further discussion of the matter because this opinion meets the question here directly and cites authorities and excellent reason therefor.

The deed in question is a Mississippi form deed (apparently) between this mother and all of these children. It bears the date of January 16, 1935 and sets out the fact that these two children had been disinherited and then sets forth the fact that the father immediately before he died had desired all of them to have an equal share and thus for love and affection they conveyed to these two disinherited children "undivided one-eight interest each in all of the real and personal estate of which our deceased father was possessed at the time of his death * * *." This clearly brings this deed within the confines of *Brummitt* v. *Brown,* supra, and authorities there cited. Of course this deed could have been recorded in any County where the father owned real estate and no abstract company or title examiner is going to pass title to any property of the deceased which has not been conveyed prior to this deed until the parties to the deed have conveyed their interest therein. It seems to us that it is easy to ascertain from the terms of this deed the description of the property conveyed.

For the reasons above set forth the decree of the Chancellor is affirmed and the case is remanded to the Chancery Court of Shelby County for further consideration and pleas as are deemed necessary. The costs of the cause are taxed against the appellants, defendants below.