Danny SANDERSON et al., Petitioners,

v.

James L. MILLIGAN, Jr., Trustee et
al., Respondents.

Supreme Court of Tennessee.

June 25, 1979.

Jerrold J. Becker, U. T. Legal Clinic, Knoxville, for petitioners.

James L. Milligan, Jr., A. L. Witt, James M. Crain, Knoxville, for respondents.

OPINION

COOPER, Justice.

This action was prosecuted by James L. Milligan, Jr., the substitute trustee under the will of Willie Mae Sanderson, to gain possession of property located at 2717 Sanderson Street in Knoxville. The chancellor found that legal title to the property was in the substitute trustee, but that petitioner, Ruth Sanderson, was entitled to possession of the premises for her lifetime under an oral trust. The Court of Appeals reversed the chancellor, citing the oft-quoted statement that an oral declaration of a trust by the settlor must be prior to or contemporaneous with a conveyance. We granted certiorari on the representation that the controlling question is whether an oral trust can be created in real property where record title is in and remains vested in the settlor. However, on examination of the record, we find, as a matter of fact, that a declaration of the trust was made prior to or contemporaneous with a transfer of record title to the property to Willie Mae Sanderson under the will of D. B. Sanderson—admittedly a circumstance under which a trust can be created by an oral declaration.

The record shows that in 1941, petitioner Ruth Sanderson married James Sanderson, the son of D. B. and Willie Mae Sanderson. For several years following the marriage, Ruth and James lived in the home of D. B. and Willie Mae Sanderson. This arrangement proved to be unsatisfactory and Ruth moved out, taking her children with her and filed suit for divorce.

In order to effect a reconciliation between his son and Ruth, D. B. Sanderson went to the petitioner and told her he had a home for her and his son as long as they lived. He then completed the construction of a residence at 2717 Sanderson Street, the property here in dispute, turned the property over to petitioner and James, with the express statement they could live there as

long as either of them lived. Petitioner and her husband moved into the property in 1944, and made it their home until the death of James Sanderson in 1969. Since that time, petitioner has lived in the house alone.

On trial of this action, the parties stipulated that "D. B. Sanderson is the only declared name record owner" of the property located at 2717 Sanderson Road, and that he bequeathed "his entire estate to Willie Mae."

Further, as noted by the Court of Appeals "the uncontradicted testimony supports the finding that D. B. Sanderson told the [petitioner] and her husband they could have the property as their home during their lifetimes. After the death of D. B. Sanderson, Willie Mae Sanderson told the [petitioner] and her husband the same thing." There is also evidence that during the lifetime of D. B. Sanderson, Willie Mae told petitioner and her husband they could use the property as their residence for life.

While Tennessee has enacted the substance of the English Statute of Frauds which requires the transfer of land to be in writing, it has not enacted section 7 of the statute, requiring trusts to be in writing. Absent this statutory prohibition, this court has consistently recognized that a trust may rest upon a parol agreement where the declaration of trust was made prior to or contemporaneous with a transfer, either by deed or by will, of an interest in realty. See Brantley v. Brantley, 198 Tenn. 670, 281 S.W.2d 668 (1955); Hunt v. Hunt, 169 Tenn. 1, 80 S.W.2d 666 (1935); Mee v. Mee, 113 Tenn. 453, 82 S.W. 830 (1904); Linder v. Little, 490 S.W.2d 717 (Tenn.App.1972); Kelly v. Whitehurst, 37 Tenn.App. 360, 264 S.W.2d 1 (1953). As a safeguard against fraud, the trust, and its terms must be proven by evidence that is clear, cogent, and convincing. Hunt v. Hunt, supra; Linder v. Little, supra.

In this case we have a situation where the evidence shows clearly, cogently, and convincingly that the holder of legal title, D. B. Sanderson, expressly granted petitioner the right to occupy the residence at 2717 Sanderson Street during her lifetime in return for her dismissing her divorce action against James Sanderson, that this right was expressly recognized by Willie Mae Sanderson during the lifetime of D. B. Sanderson, and on receipt of record title to the property under the will of D. B. Sanderson, Willie Mae again voiced the right of petitioner to occupy the house during her lifetime. Under our case authority, these facts are sufficient authority to establish a valid oral trust in favor of Ruth Sanderson, entitling her to possession of the property located at 2717 Sanderson Street for her lifetime.

The judgment of the Court of Appeals is reversed. The decree of the chancellor is affirmed, and the cause is remanded to that court for enforcement of its decree. Costs of the cause are adjudged against the trustee of the estate of Willie Mae Sanderson.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.