IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MAY 1, 2001 Session

# IN RE: GUARDIANSHIP OF COURTNEY WARNER HODGES, A MINOR

**Direct Appeal from the Probate Court for Shelby County**
**No. C-358; The Honorable Donn Southern, Judge**

_____

**No. W2000-01424-COA-R3-CV - Filed June 1, 2001**

_____

This appeal arises from the deed and devise of property to Courtney Warner Hodges, a minor, by her great grandmother, now deceased. The Appellee brought a petition for appointment of a guardian for Courtney in the Probate Court of Shelby County. The petition stated that Courtney needed a guardian to represent her interests and collect and invest her income from the property. The petition also stated that the income interest to Courtney was not encumbered by trust. Following a hearing, the trial court entered an order for management of minor's estate. The trial court found that the evidence was insufficient to impose oral trusts upon the property.

The Appellant appeals from the refusal by the Probate Court of Shelby County to impose oral trusts upon the property deeded and devised to Courtney. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Probate Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Warner Hodges, III, Germantown, for Appellant

D. Beecher Smith, II, Memphis, for Appellee

## OPINION

### I. Facts and Procedural History

Ida Hodges ("Ms. Hodges"), deceased, was the grandmother of the Appellant, Warner Hodges, III ("Mr. Hodges"). The Appellee, Nancy Jo Whiteley Massey ("Ms. Massey"), married Mr. Hodges in 1978. Mr. Hodges and Ms. Massey's daughter and Ms. Hodges' great granddaughter,

Courtney Warner Hodges ("Courtney"), was born on August 24, 1982.[1]  Mr. Hodges and Ms. Massey divorced in 1990.

Ms. Hodges owned two pieces of property during her lifetime: (1) an undivided one-half interest in 9110 Poplar Pike, Germantown, Tennessee upon which was situated four acres of land and the house where she and her son, John Brooks Hodges, lived; and (2) 3599 Highway 51 South, Memphis, Tennessee upon which was situated a service station which paid her monthly rent. During her lifetime, Ms. Hodges deeded to Courtney an undivided one-eighth interest in the net sale proceeds of the real estate located in Germantown under the language "to Warner Hodges, III, Trustee for . . . Courtney Warner Hodges." Pursuant to the Last Will and Testament of Ms. Hodges, Courtney was devised a one-fourth interest in a life estate for the life of John Brooks Hodges in the property located in Memphis under the language "all income to be collected for them by their father, Warner Hodges, III, and divided equally among them."

On July 7, 1999, Ms. Massey filed a petition for appointment of a guardian for Courtney. The petition stated that Ms. Hodges had devised property to Courtney for which she needed a guardian appointed to represent her interests and collect and invest her income therefrom. The petition also stated that the income interest to Courtney was outright and not encumbered by trust. Following a hearing on the petition, the trial court entered an order for management of minor's estate on October 14, 1999. The trial court refused to impose oral trusts upon the property. This appeal followed.

## II.  Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## III.  Law and Analysis

The sole issue presented for our review is whether the trial court erred in failing to find that either or both of the properties received through deed and devise were encumbered by oral express trusts. Tennessee law permits an express trust in realty to rest upon a parol agreement. See Watkins v. Watkins, 22 S.W.2d 1, 2 (Tenn. 1929) (citations omitted). In order for a trust to rest upon a parol agreement, however, the declaration of trust must have been made prior to or contemporaneous with a transfer, either by deed or will, of an interest in realty. See Sanderson v. Milligan, 585 S.W.2d 573, 574 (Tenn. 1979) (citations omitted). "[P]roof of a parol trust must be of the clearest and most convincing character. It must be so clear, cogent and convincing as to overcome the opposing

---

[1] Courtney reached the age of majority on August 24, 2000; however, she is referred to as a minor for purposes of this appeal.

evidence coupled with the presumption that obtains in favor of the written instrument." Linder v. Little, 490 S.W.2d 717, 723 (Tenn. Ct. App. 1972) (citing Hoffner v. Hoffner, 221 S.W.2d 907 (1949)).  Both the trust and its terms must be proven by clear, cogent, and convincing evidence. See Sanderson v. Milligan, 585 S.W.2d at 574.

In the case at bar, Mr. Hodges argues that Ms. Hodges intended the deeded and devised property to be placed in trust for Courtney's education.  Mr. Hodges claims that Ms. Hodges engaged in discussions with Lincoln Hodges, the brother of Mr. Hodges, Warner Hodges, the father of Mr. Hodges, and himself concerning the deed and devise to Courtney.  Both Lincoln Hodges and Warner Hodges testified that Ms. Hodges told them she did not think it was necessary to formally draw up a trust document due to the closeness of the family.  Mr. Hodges points to the language of the deed which stated, "Warner Hodges, III, *Trustee* for . . . Courtney Warner Hodges" (emphasis added).

Ms. Massey agrees that the property was to be used for educational purposes; however, she disagrees that the property was to be placed in trust.  Ms. Massey claims that the intentions of Ms. Hodges were expressed in general terms not specific enough to impose trusts upon the property.  In support of her position, Ms. Massey points to the absolute language of the devise which stated, "all income is to be collected for them by their father, Warner Hodges, III, and divided equally among them."  Ms. Massey also points to the language of the Marital Dissolution Agreement between Mr. Hodges and herself which stated, "If the *children's* Poplar Pike property sells, income attributable to Courtney's share shall be invested and the tuition payable by the Husband shall be diminished by the amount of income generated by Courtney's share each year" (emphasis added).  Ms. Massey emphasizes that the Marital Dissolution Agreement referenced the children's property instead of the children's share in trust.

The trial court found that, after consideration of the pleadings, testimony, and submitted documents, the evidence was insufficient to impose oral trusts upon the property.  The trial court stated:

> The Court is impressed with the testimony about the close-knit
> Hodges family and the desire of all parties, including the children's
> great-grandmother to see that the children received a good education.
> However, it cannot be found that this is sufficient to impose an
> oral trust on the funds.  Such a finding would require speculation
> as to the terms and conditions thereof and the testimony is not
> sufficiently clear and convincing under the law to find such a trust.

We agree.  Even if we found that the evidence was clear, cogent, and convincing to establish oral trusts upon the property, we do not find that the evidence was clear, cogent, and convincing to establish the specific terms of the trusts.  Because both the trust *and* its terms must be established by clear, cogent, and convincing evidence in order to establish oral trusts upon the property, we find that the trial court did not err in failing to find that the property was encumbered by oral trusts.

## IV.  Conclusion

For the foregoing reasons, the decision of the trial court is affirmed.  Costs of this appeal are taxed against the Appellant, Warner Hodges, III, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE
