# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs, June 28, 2012

## RUTH MEADOWS, et al., v. JAMES W. SMITH,

**Appeal from the Chancery Court for Cumberland County**
**No. 9517-9-06     Hon. Ronald Thurman, Chancellor**

---

**No. E2012-00095-COA-R3-CV-FILED-AUGUST 27, 2012**

---

The dispute in this case is between siblings over whether an express trust was created at or before the mother, after the father's death, deeded the remainder of the parents' property to four of the children.  Plaintiffs claim the four defendants created an oral express trust by agreeing to share the farm equally among all the children upon the mother's death.  The Trial Court granted defendants summary judgment and plaintiffs have appealed.  We vacate the Trial Court's Judgment on the grounds that there is disputed material evidence as to whether or not an express trust was created among the parties.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

C. Douglas Fields, Crossville, Tennessee, for the appellants.

Susan K. Bilbrey and S. Roger York, Crossville, Tennessee, for the appellees, James W. Smith, Kendall Smith, Thomas Smith, and Michael Smith.

Howard Upchurch, Pikeville, Tennessee, for the appellees, Samantha Smith, Carrie Smith, and Michael Smith.

# OPINION

This is a dispute over a family farm between twelve children of O.T. Smith and Dora Smith, both of whom are deceased. The original Complaint was filed on September 18, 2006 by the eight daughters of O.T. Smith and Dora Smith and one of their four sons, Terry D. Smith. [1]

The family farm is approximately 500 acres, located in Cumberland County, Tennessee and originally was owned by the parties' parents, O.T. and Dora Smith. O.T. died in 1981 and Dora died on March 19, 2004. The complaint states that on or about September 22, 1981, Dora transferred all of her land to her four sons, retaining a life estate. The complaint further alleges that the Smith children agreed among themselves that they would hold the lands transferred to them by Dora for her benefit for her lifetime. Also, they allegedly agreed that upon Dora's death, the land would be divided equally and equitably among all of the children. The complaint concluded that equal division of the property was "as their Mother and Father had always intended." Ultimately, and on April 22, 2010, plaintiffs filed an amended complaint wherein plaintiffs relied on the legal theory that defendants created an oral trust and the earlier pled theories of undue influence and estoppel were excluded. The parties also amended the complaint to bring in various parties as previously ordered by the Court.

On October 3, 2011 defendants filed a motion for summary judgment based upon the argument that plaintiffs had failed to set forth any facts that would allow them to recover from the defendants under any theory. Defendants argued that the facts provided do not support the creation of a trust of any kind, and they further argued that, even if the brothers had orally promised to divide the farm equally among the siblings after Dora's death, such a promise would be invalid under the statute of frauds as it was not in writing and also invalid as no consideration was given in return for the promise.

The following is a summary of the statement of uncontested facts filed in support of the motion for summary judgment. The facts are derived from deposition testimony of the defendants and plaintiffs. The parties' mother, Dora Smith, owned the property at issue on September 22, 1981 when she conveyed the property to her four sons, retaining a life estate for herself. Plaintiffs have stipulated that Dora Smith was competent at the time she conveyed the property and that a medical doctor examined her on the day of the conveyance and found her mentally and physically competent. Following the conveyance of the entire

---

[1] Plaintiff Terry Smith died September 9, 2009, and his three children, Samantha Smith, Carrie Smith and Michael Smith were substituted as parties for Terry Smith.

farm, Dora requested that her four sons convey back to her 45.78 acres which the sons agreed and conveyed their remainder interest in the 45.78 acres to their mother on November 17, 1981. Once this was done, Dora conveyed a remainder interest in specific portions of the 45.78 acres to each of her eight daughters on December 7, 1981. The defendant sons, Kendall, Tommy and James, stated that if their mother had asked for the entire acreage she deeded to them be returned to her, the sons would have done so.

The statement of uncontested facts addressed plaintiffs' claim that after Dora Smith conveyed the farm to her four sons, some of the sons told some of the daughters that, following Dora Smith's death, the four sons would share the property equally with the eight daughters as follows: The daughters do not claim that this promise was made to them before or at the time Dora Smith conveyed the property to the four sons. There is no writing that memorializes the alleged promise. The daughters all agree that no consideration was given by them to the four sons in return for the sons' promise that the twelve children would share the property equally after Dora Smith's death. Tommy, James and Kendall Smith all stated that they could not recall ever talking to any of their siblings about dividing the farm equally among all of them once their mother died. None of the plaintiffs claim Dora Smith told them the farm was to be divided equally among the siblings after her death. Dora Smith died on March 19, 2004. There was no Will or other document found that showed that Dora intended to leave her property equally to all of her children.

Plaintiffs filed a response to defendants' statement of undisputed facts. There were two objections to the accuracy of the facts recited. The objected to facts were taken from the deposition of Panza Smith. In her deposition, Panza was asked if there were any documents that recorded the promise that the land would be shared equally. Her answer was non-responsive to the question but defendants' statement of undisputed facts says that she "testified that the boys had never spoken to her or promised her anything in regards to the farm." However, there is no dispute that there was no writing memorializing the alleged promise, so the statement and incorrect interpretation is not material. Plaintiffs' also objected to defendants' interpretation of another statement made by Panza in her deposition:

Q:    Well, did anyone say to you "these boys promised to convey that property to us." Did you ever hear that?

A:    No.

Defendants interpreted this colloquy in their statement of uncontested facts to mean that Panza testified that "no one promised to convey the property to them." While this interpretation may be wrong, as many of the other sisters did state that the alleged promise had been made, whether Panza knew of it or not is not material.

Plaintiffs, in their response, raise a significant issue of material fact. Defendants took the position that, if the plaintiffs are to be believed, the alleged promise to equally share the property after the death of Dora was made after Dora conveyed the property to the four sons. Plaintiffs, relying on the deposition testimony of Terry Smith, take the position that the four sons agreed before the conveyance of the property that the property would be shared equally by the twelve children after Dora's death. This is a material issue as to whether an oral express trust was created.

Plaintiffs also submitted "additional facts" to the Trial Court, presumably in rebuttal to defendants' statement of uncontested facts. This document reiterates Terry Smith's testimony that the agreement by the four brothers to equally share the property after Dora Smith's death was reached before Dora conveyed the property to her sons. The gist of plaintiffs' position is that some of the brothers told some of the sisters at different points in time that when Dora died, the property would be fairly divided between the twelve siblings.

The Trial Court heard defendants' motion for summary judgment, and the Court stated that all parties agreed that Dora Smith was competent at all times material to the lawsuit. Further, plaintiffs conceded that there was no action for a constructive trust as the statute of limitations had run. The Court stated that it found there was no consideration given to the defendants by the plaintiffs for any agreement to hold the property for their benefit. The Court's Order then states:

> The Court does not find any evidence of a meeting of the minds between the original Plaintiffs and the original Defendants and/or the mother Dora Smith to support a theory of resulting trust evidencing any agreement to convey this property in the future to the original Plaintiffs and therefore Defendants are entitled to a judgment as a matter of law. The Court further finds that there were no binding agreements between original Defendants and original Plaintiff Terry D. Smith to hold the property for the benefit of their sisters (the remaining original Plaintiffs), there being no consideration given.

Plaintiffs appealed, and the issue presented is:

I.      Whether there was sufficient material facts in dispute as to the existence of an express oral trust to overcome appellees' motion for summary judgment?

Our Supreme Court, in *Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18, 25-26 (Tenn. 2011), laid out the standard of review appellate courts must apply when reviewing a trial court's granting of a motion for summary judgment:

Summary judgment is appropriate only when the moving party can demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Hannan v. Alltel Publ'g Co.,* 270 S.W.3d 1, 5 (Tenn. 2008); *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn.1993). In *Hannan,* this Court reaffirmed the basic principles guiding Tennessee courts in determining whether a motion for summary judgment should be granted, stating:

> The moving party has the ultimate burden of persuading the court that "there are no disputed, material facts creating a genuine issue for trial ... and that he is entitled to judgment as a matter of law." *Byrd,* 847 S.W.2d at 215. If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists. *Id. ...*
>
> ...
>
> ... [I]n Tennessee, a moving party who seeks to shift the burden of production to the nonmoving party who bears the burden of proof at trial must either: (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial.

*Hannan,* 270 S.W.3d at 5, 8–9. It is insufficient for the moving party to "merely point to omissions in the nonmoving party's proof and allege that the nonmoving party cannot prove the element at trial." *Id.* at 10. "Similarly, the presentation of evidence that raises doubts about the nonmoving party's ability to prove his or her claim is also insufficient." *Martin v. Norfolk S. Ry. Co.,* 271 S.W.3d 76, 84 (Tenn. 2008). If the party moving for summary judgment fails to satisfy its initial burden of production, the burden does not shift to the nonmovant and the court must dismiss the motion for summary judgment. *Hannan,* 270 S.W.3d at 5; *Blanchard v. Kellum,* 975 S.W.2d 522, 525 (Tenn.1998).

On appeal, appellants contend there were issues of material fact that could support a finding that an oral, express trust was established by the four brothers, thus the Trial Court's grant of summary judgment was in error.

The Court of Appeals discussed the proof required to find an oral express trust in *In re Guardianship of Hodges*, W2000-01424-COA-R3CV, 2001 WL 609553 (Tenn. Ct. App. June 1, 2001). The Court stated that Tennessee law permits an express trust in realty to rest upon a parol agreement. *Hodges* at * 2 (citing *Watkins v. Watkins,* 22 S.W.2d 1, 2 (Tenn.

-5-

1929)). In order for a trust to rest upon a parol agreement, however, the declaration of trust must have been made prior to or contemporaneous with a transfer, either by deed or will, of an interest in realty. *Hodges* at * 2 (citing *Sanderson v. Milligan,* 585 S.W.2d 573, 574 (Tenn.1979)). The Court stated that proof of a parol trust must be clear and convincing as to overcome any opposing evidence. *Hodges* at * 2 (citing *Linder v. Little,* 490 S.W.2d 717, 723 (Tenn. Ct. App.1972) (citing *Hoffner v. Hoffner,* 221 S.W.2d 907 (1949)).

In addition to the clear and convincing standard of proof, the court must also find the existence of the elements required for the creation of all trusts: (1) a trustee who holds trust property and who is subject to the equitable duties to deal with it for the benefit of another; (2) a beneficiary to whom the trustee owes the equitable duties to deal with the trust property for his or her benefit; and (3) identifiable trust property. *Troy v. Troy*, M1998-00989-COA-R3CV, 2002 WL 32157169 (Tenn. Ct. App. Jan. 4, 2002)(citing *Kopsombut-Myint Buddhist Ctr. v. State Bd. of Equalization,* 728 S.W.2d 327, 333 (Tenn. Ct. App.1986)).

Plaintiffs contend that it was the four brothers who made the declaration of a trust on the same day Dora conveyed the deed to the farm property to them. Thus the declaration of the trust would have been made just prior to or contemporaneous with a transfer of the property. The declaration of the trust, according to plaintiffs, was the agreement between the four brothers that once the land was transferred to them, they would care for and preserve the property for the benefit of their mother during her life time and for the benefit of all of her children, including their eight sisters. Plaintiffs further contend that the declaration of trust included that provision that, upon the death of Dora Smith, the four brothers would divide whatever property remained equally between themselves and their eight sisters. Plaintiffs further argue that the three elements of a trust set forth in *Troy* and *Kopsombut-Myint* are met as (1) the four brothers are the trustees charged with holding the trust property for the benefit of the sisters; (2) the sisters are the beneficiaries to whom the trustees owes the equitable duties to deal with the trust property for their benefit; and (3) the farm is the identifiable trust property.

Plaintiffs' contentions that an oral express trust was created by the four brothers just prior to or at the time of the transfer of the deed by Dora Smith to the brothers is based on the testimony of plaintiff Terry Smith, one of the four brothers and also a plaintiff. In contrast to Terry's testimony the other brothers, Tommy, James and Kendall, testified in depositions that there was never an agreement to equally divide the property between all of the siblings upon the death of their mother. Accordingly, there is an issue of material fact as to whether an oral express trust was created prior to or at the time of the transfer of the property and the Trial Court was in error to grant summary judgment, which we vacate and remand for further proceedings consistent with this Opinion.

-6-

The cost of the appeal is divided one-half to plaintiffs and one-half to defendants.

                                             _____

                                             HERSCHEL PICKENS FRANKS, P.J.